# �export𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## TYLER, RECEIVER, V. RICAMORE.

February 5th, 1891.

1. RIGHT OF ACTION—*Assignability.*—A right of action in pending suit against railroad company for negligent setting fire to plaintiff's property, may be assigned in whole or in part, and the suit continued to be prosecuted in assignor's name for benefit of assignee. *N. & W. R. R. Co.* v. *Read, ante,* 185; Code, sec. 2860.

2. NEGLIGENT BURNING—*Proximate cause—Instruction.*—At trial of action for negligent burning, trial court refused to instruct the jury, at instance of defendant, to the effect that, although defendant negligently started the fire, yet if it was carried farther on by a high and unusual wind, breaking the continuity of the fire, then the injury was too remote and plaintiff cannot recover: *held,* such refusal was no error, but the converse instruction was proper.

3. IDEM.—At such trial, on plaintiff's motion, the court instructed the jury (1) that a company using the powerful and dangerous agency of steam has imposed on it the exercise of a reasonable caution and prudence, and a failure to exercise this is negligence; (2) that such company must use the best practicable contrivances in known use to prevent burning private property; that it is the duty of such company to keep its right of way clear of combustible matter; (3) that it is the right of the jury, in making up their verdict, to consider the peculiar circumstances, if any, attending the conflagration and showing negligence: *held,* no error.

Argued at Staunton.    Decided at Richmond.

Error to judgment of circuit court of Clarke county, rendered May 18th, 1889, in an action wherein George C Ricamore was plaintiff, and Sidney F. Tyler, receiver of the

Shenandoah Valley Railroad Company, was defendant. At the calling of the case for trial certain assignments were produced, assigning so much of the claim of the plaintiff as should be necessary, out of any recovery which should be had in the case, to certain insurance companies as had paid policies of insurance on the property of the plaintiff so destroyed by fire. And, on the motion of the plaintiff, it was entered of record that so much of any recovery in this suit, to the extent of $303.61, with six per centum per annum interest thereon from December 28, 1886, is for the use of the Agricultural Insurance Company, of Watertown, New York; that $425, with like interest from same date, is for the use of the North British & Mercantile Insurance Company, of London and Edinburg, and that $966.11, with like interest from same date, is for the use of the Virginia Fire & Marine Insurance Company, of Richmond, Virginia. This being done, the defendant, Tyler, receiver, &c., moved the court to dismiss the action, upon the ground that, after the said assignment and order, a court of law had no jurisdiction to try and determine the case, but that jurisdiction thereof belonged to a court of equity. This motion was overruled, and the defendant excepted. And a jury being sworn to try the issue joined, the plaintiff asked for certain instructions, which the court gave, and the defendant asked for five instructions, numbered 1, 2, 3, 4, and 5, all of which the court gave except No. 4, which the court refused to give; and the defendant excepted to the action of the court in giving the instructions asked for by the plaintiff, and in refusing the fourth instruction asked for by the defendant. And the jury having rendered a verdict for the plaintiff in the sum of $2,009.11, with interest from October 17th, 1886, the said defendant moved the court to set aside the said verdict and grant a new trial for reasons stated, but this motion the court overruled, and rendered judgment thereon, and apportioned the same to the extent necessary to satisfy the assignments to the said insurance companies. Whereupon the

defendant applied for and obtained a writ of error to this court.

*W. H. Travers,* for the plaintiff in error.

*Marshall McCormick,* and *C. Kounslar,* for the defendant in error.

LACY, J., delivered the opinion of the court.

The first error assigned is as to the action of the circuit court in overruling the motion to dismiss the action for want of jurisdiction. The contention is not that the claim or chose in action is not assignable; that is admitted, as it clearly is, for every demand connected with a right of property, real or personal, is assignable—that is, all rights of action which would survive to the personal representative are assignable, while it is otherwise with rights of action for injuries to the person, &c. And it is also conceded that an assignment of the whole claim would have been valid, and would not have disturbed the jurisdictional powers of the court. But the contention is that the assignment of part or parts of the claim divested the plaintiff of the right to sue for the whole claim, and, therefore, the court should have turned the plaintiff and his several assignees out of the court, and sent them to a court of equity, where their rights *inter sese* might be adjusted. Citing *Brighthope R. R. Co.* v. *Rogers,* 76 Va. R., 443.

There is no doubt of the assignability of this *chose in action,* and no doubt as to the right of the assignee to maintain the action for his benefit in the name of the assignor. *N. & W. R. R. Co.* v. *Read and Wife, ante,* p. 185. Indeed, such action may be maintained in Virginia by an assignee of a *chose in action* now in his own name. Section 2860, Code of Virginia. But it is claimed that the several assignments of the several

parts rendered an account necessary, which a court of law could not determine. But we will consider (1) that courts of equity maintain a jurisdiction in matters of account *concurrent* with courts of law; equity holding this jurisdiction in matters of account on three grounds—mutual accounts, dealings so complicated that they cannot be adjusted by a court of law, and the existence of a fiduciary relation; (2) no account is necessary between the plaintiff and the defendant; the suit is prosecuted in the name of the assignor for the benefit of the assignees, and the same defence applies to each and to all, and, so far as the defendant is concerned, the action is not split up; there is no assignment except subject to the recovery in this suit; (3) the jurisdiction of the court having attached, it is not affected by the subsequent assignment of the claim, or any part of it; (4) and it being admitted and clear that the cause of action is assignable, the defendant cannot object to the several assignments, because a determination under the issues joined in this suit will finally settle and conclude all claims as to him if there be a complete or a partial assignment; and there was no error of which he can complain in the action of the court in overruling his motion to dismiss for want of jurisdiction. And such action was clearly right; the jurisdiction of the court, having lawfully attached, was properly maintained to the end sought to adjudicate the question raised by the issue in the cause.

And it is equally clear that the court did not err in refusing to give the defendant's fourth instruction. This was to the effect that, although the defendant had started this fire by negligent conduct, yet, if the fire was propagated and carried farther on by a high and unusual wind, breaking the continuity of the fire, that then the injury was too remote, and the plaintiff could not recover. In the first place, the instruction was not applicable to this case, except that it was a very windy day and the fire was carried before it, as was to be expected, as the usual and ordinary consequence; and, in the second place, if

the wind had been unusual and peculiar, it would not have been proper. Having once set the fire, the injury resulting therefrom was proximate and not remote, if the burning was naturally and reasonably to be expected from the setting of the fire in the place where it was set. See *Grand Trunk R. R. Co.* v. *Richardson*, 1 Otto, 91 U. S. R., p. 471; *Milwaukee R. R. Co.* v. *Kellogg*, 4 Otto, 94 U. S. R , 473.

There was no error in the action of the court in refusing to set aside the verdict and grant a new trial. The evidence shows, and it is not denied, that this was a case of negligence. This engine threw out sparks visible in the day-time—coals of fire—which set fire on that day to every tract of land through which it ran throughout the county of Clarke, spreading fire, and leaving a broad continuity of fire and smoke behind it, in the shape of smoking fields and burning fences, and this was the result of undoubted negligence in using such an engine, greatly aggravated by persisting in its use on such a day, and in the midst of such obvious disasters. *Brighthope R. R. Co.* v. *Rogers*, 76 Va., 451 (*supra*); A. & Eng. E. of Law, Vol. 8, p. 13, and authorities cited.

There was no error in the instructions given by the court, as pointed out by the plaintiff in error.

The first instruction given by the court was that a company using the dangerous and powerful agency of steam, have imposed upon them the exercise of a reasonable caution and prudence, and a failure to exercise this is negligence.

The second is as to the necessity of using the best practicable contrivances in known use to prevent the burning of private property.

The third is the converse of the defendant's fourth instruction, rejected as stated above.

The fourth is as to the duty of the railroad company to keep its right of way clear of combustible matter.

The fifth is as to the nature of negligence; and

The sixth is as to the right of the jury to consider the pecu-

liar circumstances, if any, attending this conflagration, showing negligence, in making up their verdict. And they are all right; and, upon the whole case, we see no error in the judgment appealed from, and the same must be affirmed.

JUDGMENT AFFIRMED.