ANDREW H. GARRISON, Respondent, v. JOHN GRAYBILL, Appellant.

Kansas City Court of Appeals, January 30, 1893.

1. **Negligence**: FIRE: THRESHING ENGINE. After a threshing machine had run a short time, fire was communicated from its engine to the plaintiff's stacks. After it was extinguished plaintiff acquiesced in the opinion of the defendant that the machine might be operated with the damper of the engine down, but did not agree to running it with the damper open, nor did he know of the defendant's intention to so operate it. Defendant knew it was dangerous to so operate it during the prevailing high winds, and opened the damper and increased the draught which carried the sparks into the wind and so against plaintiff's stacks. *Held*, he was guilty of gross negligence.

2. ———: ———: INSTRUCTIONS. An instruction presenting the conditions of defendant's liability is summarized in the opinion and approved.

3. ———: CONTRIBUTORY NEGLIGENCE. *Held*, on the facts of this case that plaintiff neither concurred in nor contributed to the negligence which directly caused the destruction of his stacks.

4. **Instructions**: COVERING SAME GROUND. It is not error to refuse instructions covered in others given.

*Appeal from the Daviess Circuit Court.*—HON. CHAS. H. S. GOODMAN, Judge.

AFFIRMED.

*Wm. D. Hamilton,* for appellant.

(1) The demurrer offered at the conclusion of plaintiff's evidence should have been sustained on the ground of contributory negligence. *Martin v. Bishop,* 18 N. W. Rep. 337; *Noland v. Shickle,* 69 Mo. 336; *Hogan v. Railroad,* 17 N. W. Rep. 632; *Powell v. Railroad,* 76 Mo. 80. (2) Plaintiff being present and assisting in setting the machine and being present with his hands assisting to thresh when the stack first caught fire and knowing the danger which any man with ordinary sense must have seen at a glance, it was the duty of the plaintiff to refuse to proceed farther with the work at that time, and when he failed to do so he was guilty of such contributory negligence as will prevent his recovery in this case. *Martin v. Bishop,* 18 N. W. Rep. 337; *Hogan v. Railroad,* 17 N. W. Rep. 632. (3) The court erred in giving instruction number 1 on part of plaintiff for the reason that it is contradictory and inconsistent with instructions numbers 1, 2, 3 and 4 given on part of the defendant, and for the reason that it singles out a particular part of the evidence and comments upon it. (4) The court erred in refusing the fifth instruction offered by defendant. *Coats v. Railroad,* 61 Mo. 38; *Kenney v. Railroad,* 80 Mo. 573. (5) The court erred in refusing the sixth instruction offered by defendant. (6) The court erred in refusing the seventh instruction offered by the defendant. *Martin v. Bishop,* 18 N. W. Rep. 337. (7) The court erred in refusing the eighth instruction offered by defendant. *Coats v.*

*Railroad*, 61 Mo. 38. (8) The court erred in refusing defendant's ninth instruction. *Martin v. Bishop*, 18 N. W. Rep. 337. (9) The court erred in giving instruction number 1 on its own motion, for the reason that it is a comment on the evidence.

*J. F. Harwood* and *Alexander & Richardson*, for respondent.

The appellant's defense in this cause is contributory negligence on the part of the plaintiff. If the respondent was guilty of any negligence, it must have been such as directly contributed to the injury in order to absolve the appellant from liability. *Dunkman v. Railroad*, 16 Mo. App. 547–8. The law presumes that the respondent was in the exercise of ordinary care, and this presumption is not overcome by the fact of the injury. Negligence on the part of the respondent must be proven. *Buesching v. Gaslight Co.*, 73 Mo. 219; *Flynn v. Railroad*, 78 Mo. 195. In this case there is no proof that the respondent was guilty of any negligence.

SMITH, P. J.—The plaintiff owned several stacks of wheat, rye and oats, and employed the defendant, who owned a steam threshing machine, to thresh the same for him. While engaged in doing the work fire was communicated from the engine to the stacks and they were burned. This action is to recover damages for the loss, on the alleged ground that the fire was the result of the defendant's negligence. The judgment was for plaintiff and the defendant appealed.

The abstract of the record before us discloses that after the machine had been set and had run for some time that fire was communicated from the engine to the plaintiff's stacks, and when the same had been extin-

guished the plaintiff asked defendant if they had not better quit threshing, and the latter responded that he "did not know" but "that it was mighty windy." After some further conversation the defendant told the plaintiff there would be no danger with the damper of the engine shut down; that the engineer spoke up and said they could not keep the steam up with the damper down. The defendant then said they would thresh as long as the steam lasted and then stop and raise it again. With damper down they went on with the threshing. The machine was running slowly. At this point defendant took several buckets of water and poured them over a stack nearest the engine. Plaintiff was not then present. He had been engaged in loading a wagon with grain and had started away with it. The defendant about this time directed the engineer to open the damper. The motion of the machinery was greatly accelerated. Fire was again communicated to one of the stacks by sparks from the engine. In an instant all the stacks were in flames. The plaintiff, who was then some distance away with his wagon, left it and returned to witness the destruction of his grain stacks. It appears that after the first fire the defendant, without saying a word to anyone, got a pin out of his tool box and a chain from somewhere else and placed them where they would be convenient for use in removing the separator should the stacks take fire.

It thus appears that the plaintiff acquiesced in the opinion of the defendant that the machine could be operated with the damper of the engine down, but it does not appear that he agreed to running it with the damper open, or that he knew that the defendant intended to or did operate it in that way until after the fire. According to the evidence the defendant knew it was dangerous to operate the machine with damper open during the high winds then prevailing

there, and yet with such knowledge, on his own motion and without the consent of the plaintiff, he opened the damper of the engine and thus increased the draught through the smokestack, which carried the sparks out into the wind which blew them against plaintiff's stacks.    The defendant must have known the danger of opening the damper, because it appears that he undertook to avoid it · by partially wetting the nearest stack to the engine.    Not only this, but his apprehensions were such that he provided for the safety of his machinery by procuring and having handy a chain and pin to facilitate the removal of the separator from its close proximity to the stacks, in case they took fire. These precautions were taken without the knowledge of the plaintiff.    Resting on the defendant's assurance that the machine could be safely operated with the damper down, he turned his attention to hauling away the grain that had been threshed.    It seems to us that under these circumstances the defendant was guilty of the very grossest negligence in operating his machine.

The instructions given for the plaintiff told the jury that if the plaintiff, after the first fire, asked the defendant to quit threshing, and defendant assured plaintiff that there was no danger in running the machine with the damper of the engine down, and with the assurance that it would be run in that way, the plaintiff consented thereto, and the damper was thereupon closed down, and, afterwards, without the knowledge of plaintiff, was opened by order of defendant, and, in consequence of that, the plaintiff's stacks caught fire, they should find for plaintiff, provided they should further believe that a man of ordinary prudence would not have opened the damper under the circumstances.    This theory was well supported by the evidence, and was, we think, subject to no objections.

There was much conflict in the testimony as to whether the plaintiff was present when the machine was set, or whether he directed or assented to setting of it in any particular place. He was unfamiliar with the dangers of operating such a machine. The danger was not a glaring or obvious one. The machine was run some time before it was discovered that danger from fire was likely to result from its operation under the existing conditions. When this was discovered the plaintiff called defendant's attention to the fact, and received the assurance already referred to, which quieted his fears. We cannot discover that the loss of the plaintiff's grain stacks is attributable to any negligence on his part. He neither concurred in nor contributed in any manner to the negligent acts of defendant which directly caused the destruction of his grain stacks by the sparks of fire communicated from the smokestack of defendant's engine. The court gave the defendant four instructions, based upon the defense of contributory negligence, which were exceedingly favorable to him. It refused five others which covered substantially the same ground as those given for him.

The evidence as to whether the defendant's engine was equipped with reasonably safe appliances to prevent the escape of fire was conflicting. This issue was fully covered by the instructions that were given for the defendant. The refused instructions were no more than repetitions of those given, and were for that reason properly refused.

The judgment seems to be for the right party and should be affirmed. All concur.