## MARTIN et al. v. McCRARY et al.

'(*Knoxville*.   September Term, 1905.)'

1. **NEGLIGENCE. Care required in using dangerous instrumentalities.**

   Persons engaged in a lawful business and using therein a dangerous instrumentality, such as a steam engine in threshing wheat, are required to use that degree of care and prudence commensurate with the danger to which property is exposed by them in the lawful conduct of their business.

   Case cited and approved:   Railroad v. Fort, 112 Tenn., 432.

2. **SAME. Presumption of, from destruction of property—burden of proof.**

   Where plaintiff's wheat was destroyed by fire communicated from defendant's threshing engine, a presumption of negligence arose from the fact that the fire was set from sparks escaping from the engine and the burden was on the defendant to show absence of negligence.

3. **SAME. Dangerous instrumentalities must be kept up to the state of the art.**

   In an action for the destruction of wheat by fire communicated by defendant's threshing engine, the defendants cannot escape liability by proving that the engine did not emit sparks more copiously "than was natural for any engine of similar kind and construction," but must show in addition that the engine, in respect of fire precautions, is up to the state of the art at the time the fire occurred.

4. **SAME. Same. Duty of inspection.**

   Where a threshing engine was equipped with a double netting in order to prevent the escape of sparks, its operators are guilty of negligence in failing to make at least a daily inspection thereof.

Martin v. McCrary.

**5. SUPREME COURT.** Will correct improper application of the
law to special facts found by the trial judge.

Where in an action for the destruction of grain by fire caused
by defendant's threshing engine, the trial judge specially
found facts establishing defendant's negligence, general find-
ings that defendants were not negligent in failing to observe
defects in the engine or in operating the same, were conclu-
sions of law and erroneous as improper applications of the law
to the special facts found and will be corrected by this court.

FROM MONROE.

Appeal in error from the Circuit Court of Monroe
County.—GEO. L. BURKE, Judge.

STATEMENT BY MR. JUSTICE NEIL.

Action by the owner of a wheat crop against the
owner of a steam thresher for negligently setting fire to
the wheat in the stack by means of sparks emitted from
the engine, whereby the crop was destroyed.

The case was tried before the circuit judge without
the intervention of a jury, with the result that he dis-
missed the plaintiffs' case and rendered judgment
against them for the costs of suit. From this judgment
they have prosecuted a writ of error, also an appeal, and
assigned errors.

The circuit judge was requested, under the statute,
to make written findings of fact and law, and he did so.

The facts found, so far as material, were as follows:

The defendants, having contracted to thresh plaintiffs' wheat, set their steam thresher at plaintiffs' stacks and were engaged in threshing the grain, when a spark from the engine fell upon and set fire to a wheat stack, and destroyed the entire crop, to the value of $166.75. This occurred July 22, 1904.

The spark arrester on the engine "was of the kind generally in use." However, some time prior to the beginning of the season for threshing wheat, defendants were using this engine in running a sawmill, and, while so using it, they, as a matter of precaution, inserted an inner screen under the spark arrester, composed of fine wire netting. This fine inner netting was resupplied to the engine from time to time, and had been thus replaced two or three times prior to the date of the fire in question. It is not customary, however, to use this fine netting. The evidence failed to show that it had ever been used in this manner by any one other than the defendants.

On the day the fire occurred, and after the fire, an examination of the engine disclosed that there was a hole in the fine under netting, but none was seen in the spark arrester itself, and it was not deficient.

Defendants examined the spark arrester and the fine wire screen under it a day and a half before the fire occurred, and at that time there was no hole in either of them.

No evidence was introduced showing that the engine

in question emitted sparks more copiously "than was natural for any engine of similar kind and character."

When the fire occurred the engine was running with the damper slightly up, but it was necessary to give it some draft to enable it to run at all.

Defendant Peoples was with the engine at the time of the fire, but neither he nor any of his employees or servants had knowledge of the hole in the fine netting at the time.

His honor added the following general findings upon the subject of negligence, viz.:

"Defendants had not been negligent in their duty to observe defects in the engine. . . .

"Defendants were not negligent in the operation of the engine in question, and the accident complained of was not the result of the negligence of the defendants, either directly or through their servants."

YOUNG & YOUNG, for Martin et al.

MCCROSKEY & PEACE, for McCrary et al.

MR. JUSTICE NEIL, after making the foregoing statement, delivered the opinion of the court.

The degree of care required by one threshing wheat with a steam thresher, in respect of setting fires, is the same as that devolved upon railway companies in the use of their engines. That rule, as laid down in *Railroad* v. *Fort,* 112 Tenn., 432, 80 S. W., 429, is that "care com-

mensurate with the risk or hazard" must be used. In the same opinion the degree of care required is thus characterized. "A degree of care and prudence commensurate with the danger to which property is exposed by them in the lawful conduct of their business." In the same case it is further said: "They are authorized to carry fire on them [the engines] for the purpose of generating steam, and when they have them properly constructed and equipped with spark arresters and appliances of the latest and most approved character to prevent the escape of coals and cinders, in good repair, carefully and skillfully handled, and observe such other precautions as the surroundings may call for to avoid the communication and spread of fire, they are not liable for property unavoidably destroyed by escaping sparks and cinders." Again it is said: "As the danger necessarily attending the use of fire in locomotives is far greater in some places and upon some occasions than upon others, what is reasonable care in their equipment and management must always depend upon the facts and circumstances of each case. What would be ordinary care in the operation of them in the country, or in a wet season, might be gross negligence in a town or city, or in a drought, when and where the danger of communicating the fire is in the very nature of things much greater."

The burden of proof is upon the defendant in such cases to show that he, or it, as the case may be, has complied with all the requirements of the rule, since a presumption of negligence arises upon evidence introduced

Martin v. McCrary.

that a fire has been set by sparks escaping from an engine. *Id.* And what would or would not be ordinary care, under all of the circumstances proven in a given case, is always a question for the jury, or for the court when it sits without the intervention of a jury. *Id.*

Applying these principles to the present case, we are of the opinion that the defendants were liable for the injury done. It was not sufficient for them to show merely that the spark arrester in question was of the kind generally in use, and that the engine did not emit sparks any more copiously "than was natural for any engine of similar kind and construction." Operating, as they were bound to do, in the midst of dry and combustible material like wheat straw, they should have shown that their engine was, in respect of fire precautions, up to the state of the art at the time the fire occurred. Indeed, the defendants by their conduct clearly showed that they did not regard the spark arrester with which the engine was equipped as containing meshes sufficiently fine and close to enable them to work with reasonable safety in the midst of combustible material, since, when they used the engine in running a sawmill, in the midst, of course, of material easily ignited, like sawdust (and straw is even more combustible), they found it necessary to place a fine wire screen under the spark arrester, and to continue to renew this fine netting from time to time as it would wear out. That this netting was in fact necessary, when using the engine for such a purpose, is shown by the fact that sparks escaped

Martin v. McCrary.

and set fire to the wheat straw because of the hole in the surface of that netting referred to in the statement.

Treating the engine as properly equipped for the purpose to which it was put, by the combined use of the spark arrester and the under netting, the defendants were negligent in failing to make at least a daily inspection of the equipment referred to. It was not sufficient for the defendants to show that neither they nor their servants had knowledge of the hole in the netting. They had the means of knowledge, and should have used those means.

The two general findings quoted at the close of the statement must be held findings of law, and as such they were incorrect, being, as we conceive, improper applications of the law to the special facts found.

It results that the judgment of the court below must be reversed, and judgment must be rendered here for the plaintiffs for the amount of the damages assessed, with interest and costs.