## CAROZZA v. BOXLEY.

(Circuit Court of Appeals, Fourth Circuit. February 28, 1913.)

### No. 1,138.

1. ASSIGNMENTS (§ 23*)—CHOSE IN ACTION—COMMON LAW.

    A chose in action for money due or to become due a subcontractor for performance of his contract was not assignable at common law.

    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 40, 41; Dec. Dig. § 23.*]

2. ASSIGNMENTS (§ 117*)—CHOSE IN ACTION—RIGHT TO SUE—STATUTES.

    Code Va. 1904, § 2860, provides that the assignee of a chose in action may maintain any action thereon in his own name which the original obligee, payee, or contracting party might have brought subject to discounts against the obligee, payee, or contracting party before the defendant had notice of the assignment, etc. *Held* that, where money due a subcontractor was assigned by him to creditors pursuant to an order to pay which was accepted by the contractors, the only effect of such statute was to enable the assignee to sue in the name of the assignor taking the assigned claim subject to all equities of the assignor in whom the legal title still remained, and it was therefore error to refuse to permit the assignor to sue thereon for his own benefit and for the use of his assignees to the extent of their interest.

    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 341, 342; Dec. Dig. § 117.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
   203 F.—43

**3. ASSIGNMENTS (§ 121\*)—CHOSE IN ACTION—FORM OF ACTION.**

Under Code Va. 1904, § 2860, authorizing an assignee of a nonnegotiable chose in action to sue thereon in his own name, suit may be brought on an assigned chose in action either in the name of the original obligee or payee, in his name for the use of the assignee, or in the name of the assignee alone.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 200–205; Dec. Dig. § 121.\*]

**4. ASSIGNMENTS (§ 94\*)—ORDER TO PAY—EFFECT—NEW DEBT.**

Where a subcontractor executed an order on his contractor to pay the amount due or to become due on the subcontract to certain others, the contractor's acceptance of the order did not create a new debt between the original contractor and the assignees for the whole amount of the assignor's claim, nor bar all the assignor's rights therein.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 303–305; Dec. Dig. § 94.\*]

**5. ASSIGNMENTS (§ 88\*)—ABSOLUTE IN FORM—SECURITY FOR DEBT.**

An assignment absolute in form of all moneys due a subcontractor for work under his contract could be shown, in an action by the assignor thereon, to have been to secure a debt due to the assignees in an amount less than that due from the debtor.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 299–302; Dec. Dig. § 88.\*]

In Error to the District Court of the United States for the Western District of Virginia, at Lynchburg; Henry Clay McDowell, Judge.

Action by A. T. Carozza, surviving partner of the firm of Carozza, Grassy & Co., against W. W. Boxley. Judgment for defendant, and plaintiff brings error. Reversed.

Carpenter and Boxley had a contract for certain construction work with the Norfolk & Western Railway Company. They sublet part of the work to Carozza, Grassy & Co. During the progress of the work Carozza, Grassy & Co., having become indebted to the Ben Williamson Company and the Field Grocery Company, assigned to these companies and directed to be paid to them all money then due or that thereafter might become due to them from Carpenter & Boxley for work done under the contract. They further secured them by deed of trust on certain personal property.

Carozza, as surviving partner, after this assignment, instituted suit in assumpsit in the court below against Carpenter and Boxley, seeking a recovery of something over $30,000 claimed to be due by reason of this contract. It seems Boxley alone was served with process. Pleas of the statute of limitation, payment, set-off, nonassumpsit, and assignment were filed. Upon trial, after the plaintiff had introduced a part of his testimony, an objection was interposed to the introduction of certain other on the ground that plaintiff was not entitled to recover by reason of the assignment and order to pay given to the Ben Williamson Company and the Field Grocery Company. Upon this motion the court after reviewing the evidence showing the assignment and order to pay, and that tending to show that Carpenter and Boxley had accepted "the order to pay" incorporated in the assignment, and after counsel for defendant had avowed that they expected to prove unqualifiedly that such order to pay had been accepted, said: "Under such circumstances, it seems to the court a gross waste of time to continue to hear evidence in this case unless plaintiff's counsel can avow that they will be able to produce evidence contradictory to the claim of the defendant that the order was accepted. In using the word 'accepted' I mean, of course, accepted according to the terms of the order. The court now, therefore, calls upon counsel for plaintiff to state whether or not they can make the avowal. If they can, the case will be proceeded with in order that any conflicting

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

testimony on this question of fact may be submitted to the jury, but, if they cannot so avow, it seems to the court that it is its duty to instruct a verdict for the defendant." Thereupon, counsel for plaintiff, before answering, submitted three motions. First, to amend the declaration by adding the clause thereto that "this action is brought by the plaintiff for the benefit of the pledgee of the claims asserted for work done, to wit, Ben Williamson Hardware Company and Field Grocery Company"; second, to enter of record that "this action is brought by the plaintiff for the benefit of the pledgee and (of) the claims asserted for work done, to wit, Ben Williamson Hardware Company and Field Grocery Company, and this plaintiff, and that an order may be entered that in event of a verdict for plaintiff for work done that this judgment thereon by the court shall be entered in such form as to protect the rights of the defendants, the pledgee, the plaintiff, and all parties interested in the subject-matter of this action"; and, third, to enter upon record that "this action is brought by the plaintiff for the benefit of the pledgee of the claim asserted for work done, to wit, Ben Williamson Hardware Company, and Field Grocery Company, and that an order may be entered protecting the right of .the plaintiff, defendant, pledgee, and all parties interested in this action." These motions the court overruled. Counsel for plaintiff then announced himself "not prepared to deny that the defendant accepted the order," and counsel for defendant announced in reply to the court's question, "what about your counterclaim," that, "if the court instructs a verdict at this point, we will waive our counterclaim, but shall not waive our right to reinstate it in case the verdict of the jury should be set aside." Thereupon the court directed and the jury found a general verdict for the defendant. It is undisputed that this action was taken alone at the instance of the defendant; that the assignees, Ben Williamson Company and Field Grocery Company, had knowledge of the pendency of the suit; that the plaintiff had taken, to be read in support of his action on trial, the deposition of the attorney for both of the assignees and that of a member of one of these firms. Further, it cannot be questioned from the testimony that, while the assignment was a general one, it was in fact given solely to secure to these assignee firms the indebtedness due them aggregating at the time less than $6,000, and this had been considerably reduced by payment. Exceptions to the ruling of the court were taken, motion to set aside the verdict and award new trial was overruled, and this writ of error sued out.

Allen G. Collins, of Richmond, Va. (Julius H. Wyman, of Baltimore, Md., on the brief), for plaintiff in error.

J. T. Coleman and G. E. Caskie, both of Lynchburg, Va. (Caskie & Caskie and Coleman, Easley & Coleman, all of Lynchburg, Va., on the brief), for defendant in error.

Before PRITCHARD, Circuit Judge, and BOYD and DAYTON, District Judges.

DAYTON, District Judge (after stating the facts as above). We do not deem it necessary to consider the assignments of error in detail.

[1] The vital question is whether this assignment with "the order to pay" incorporated in it barred the plaintiff's right to maintain this action. Under the common law there could be no question about the matter. These choses in action were not assignable. Tolson v. Elwes, 28 Va. 436.

[2] Therefore the whole question turns upon the construction of and limitation to be imposed upon section 2860, Va. Code 1904, touching the right of assignees to sue. Decisions from other states construing other and different statutes are calculated to mislead. The Virginia statute in its present form is as follows:

"The assignee or beneficial owner of any bond, note, writing or other chose in action, not negotiable, may maintain thereon in his own name any action which the original obligee, payee or contracting party might have brought, but shall allow all just discounts, not only against himself, but against such obligee, payee or contracting party, before the defendant had notice of the assignment or transfer by such obligee, payee, or contracting party, and shall also allow all such discounts against any intermediate assignor or transferer, the right to which was acquired on the faith of the assignment or transfer to him, and before the defendant had notice of the assignment or transfer by such assignor or transferer to another."

This statute in Virginia is very old. It is first found in the Acts of the Assembly of 1705 (3 Hen. St. at Large, p. 378). As found in the Code of 1819 (1 Rev. Code, c. 125, § 5, p. 484), it reads:

"Assignment of all bonds, bills and promissory notes, and other writings obligatory, whatsoever, shall be valid; and an assignee of any such may thereupon maintain any action, in his own name, which the original obligee or payee might have brought, but shall allow all just discounts, not only against himself, but against the assignor, before notice of the assignment was given to the defendant."

In the Code of 1849 (chapter 144, § 14, p. 583) it is found with the change in words that:

"The assignee of any bond, note or writing not obligatory may maintain," etc.

Without further change it was incorporated in the Code of 1860 (chapter 144, § 14, p. 630). With some changes, not affecting its material purpose, it was adopted in West Virginia, and will be found in its Code 1906, as section 3452.

In construing this statute the courts of both states have uniformly held that its only effect is to enable the assignee to sue in his own name, taking the paper subject to all the equities of the maker or obligor. The legal title still remains in the assignor. It did not intend to abridge his rights nor to enlarge those of the assignee beyond that of suing in his own name. Mackie v. Davis, 2 Va. 219, 1 Am. Dec. 482; Norton v. Rose, 2 Va. 233; Garland v. Richeson, 4 Rand. (Va.) 266; Caton v. Lenox, 26 Va. 31, 42; Feazle v. Dillard, 32 Va. 30, 34; Davis v. Miller, 55 Va. 1, 13; Clarksons v. Doddridge, 55 Va. 42, 44; Iaege v. Bossieux, 56 Va. 83, 98, 76 Am. Dec. 189; Gordon v. Rixey, 76 Va. 694, 704; Stebbins v. Bruce, 80 Va. 389, 400; Tyler v. Ricamore, 87 Va. 466, 12 S. E. 799; Bantz v. Basnett, 12 W. Va. 772, 779; Clarke v. Hogeman, 13 W. Va. 718; Whitteker v. Gas Co., 16 W. Va. 717; Scraggs v. Hill, 37 W. Va. 706, 712, 17 S. E. 185; Bentley v. Ins. Co., 40 W. Va. 729, 23 S. E. 584; Cochrane v. Hyre, 49 W. Va. 315, 319, 38 S. E. 554.

In Dunn v. Price, 38 Va. 203, at page 209, Judge Tucker, discussing this statute, says:

"It does not follow because he (assignee) is entitled to recover in his own name under this statute that he can no longer sue in the name of his assignor for his own benefit. The case of Garland v. Richeson, 25 Va. 266, is pregnant with proof that a party may proceed under the statute or as at common law."

In Davis v. Miller, 55 Va. at page 13, Moncure, J., says:

"The legal title still remains in the assignor in whose name the suit may be brought."

And in Clarksons v. Doddridge, 55 Va. at page 44, he says:

"The assignee may, at his election, sue at law in his own name or in that of the obligee or payee for his benefit."

[3] It is therefore clear that under this statute and these decisions suit may be brought in one of three ways—in the name of the original obligee or payee, in his name for the use of the assignee, or in the name of the assignee alone. And in cases, where complete protection and relief cannot be obtained at law, equity may be appealed to. Code Va. 1904, § 2862; 2 Va. Law Reg. 384, Barton, L. Pr. (2d Ed.) 235, 236; Code W. Va. 1906, § 3454.

[4, 5] But it seems to have been the opinion of the learned judge below that because this assignment contained an order to pay and proof would be forthcoming that such order had been accepted that it created a new debt between the original debtor and these assignees for the whole amount of the assignor's claim, and barred any and all right on the part of the assignor to sue. We cannot concur in this view:

First, because the "order to pay" incorporated in the assignment, as it is, should be considered in connection with the assignment, as a part of it, and incident and subordinate to it.

Second, because, while the paper purports to be an assignment of all moneys due and to become due under the contract and a direction to pay the same to these assignees, the evidence was undisputed that it was in fact only executed to secure the debt due such assignees, much less in amount than that asserted by plaintiff to be due from the defendant. An assignment absolute upon its face may be held to be in trust only to pay certain debts. Protzman's Ex'r v. Joseph, 65 W. Va. 788, 65 S. E. 461. The rights of these assignees, as we have shown, were only equitable ones allowed by statute to be asserted at law, and the obligation of such law court becomes apparent, therefore, to protect both the rights of the assignor, still retaining legal title, and the assignee having the equitable one.

Third, because as distinctly held in Tyler v. Ricamore, 87 Va. 466, at page 469, 12 S. E. 799, at page 800, a case very similar, "it being admitted and clear that the cause of action is assignable, the defendant cannot object to the several assignments because a determination under the issues joined in this suit will finally settle and conclude claims as to him if there be a complete or a partial assignment." This would be true in this action for the further reason that, while these assignees were not formal parties to it, they had full knowledge of it and entered no objection to its prosecution, but were furnishing evidence to maintain it on trial. Under such circumstances a general verdict directed for the defendant, as was done here, upon issues denying all obligation to pay anything might be held to preclude them from recovery in any subsequent action on their part. As to this, however, we are not called upon to decide. We are of the opinion

that the plaintiff had the right to maintain this action; that his motion to amend his declaration so as to show that it was for the use and benefit of his assignees should have been sustained and not overruled; and that the court erred in stopping the course of the trial and directing the general verdict for the defendant.

The judgment of the court below will be reversed and the case remanded, with directions to set aside the verdict and grant a new trial.

Reversed.