## Bryant, et al. v. Ellis, et al.

(Decided December 9, 1927.)

### Appeal from Morgan Circuit Court.

1. Negligence.—Ky. Stats., sections 782, 793, providing for spark arresters and relief from liability for communication of fire on compliance with statutes, held to apply to railroad companies only, and not to road grading contractors operating steam shovel.

2. Negligence.—Road grading contractors operating steam shovel were bound to exercise that degree of caution to avoid setting fire to adjoining property by sparks which a man of ordinary prudence would exercise under the circumstances having regard to character of season, weather, prevailing winds, and nature of nearby material.

3. Negligence.—Burden was on plaintiffs to establish by evidence that fire which destroyed their property was set by spark thrown from defendants' steam shovel.

4. Negligence.—Plaintiffs were not bound to prove by direct evidence that fire destroying their property was started by spark thrown from steam shovel; but circumstantial evidence was sufficient.

5. Negligence.—Evidence as to whether spark from steam shovel started fire destroying plaintiffs' property held sufficient for jury.

6. Negligence.—After plaintiffs produced evidence from which it might reasonably be inferred that fire which destroyed their property was lighted by spark thrown from defendants' steam shovel, burden then shifted to defendants to overcome the prima facie case, or to establish that the fire was not caused by their negligence.

7. Negligence.—Road grading contractors were not relieved from liability for destruction of plaintiffs' property by fire communicated from their steam shovel by reason of fact that fire started on land of another, and thence was communicated to plaintiffs' land.

8. Negligence.—Road grading contractors were not relieved from liability for destruction of plaintiffs' property by fire negligently communicated from their steam shovel, by reason of presence of stubble, dry grass, and other inflammable material, or because of prevailing wind which carried fire to plaintiffs' property.

9.  Negligence.—Question whether negligence in first allowing fire to
    escape was proximate cause of all resulting damage is one for jury
    to determine.

S. MONROE NICKELL, FLOYD ARNETT and G. C. ALLEN for
appellants.

W. M. GARDNER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The appellants H. H. Bryant and Bertha Bryant
sued the appelles J. C. Ellis, Drury Smithers, and G. L.
Brantley for $300, which plaintiffs allege was the value
of certain property of theirs destroyed by fire negli-
gently lighted by the defendants. At the close of the
evidence for the plaintiffs, the court directed the jury
to return a verdict for the defendants, and, from the
judgment entered on that verdict, the plaintiffs have en-
tered a motion for an appeal.

The defendants were contractors engaged in the
grading of a road in Morgan county known as state proj-
ect No. 32, and in that work they were using a steam
shovel. On April 21, 1924, they were operating this
shovel in excavating a cut on the farm of Mrs. Florence
Ferguson. On that day a fire started in some broom
sedge, grass, and other combustible material on Mrs.
Ferguson's farm. This fire spread in that material un-
til it reached the farm of the plaintiffs and burned some
fencing and timber belonging to plaintiffs, for which
they sought in this suit to recover. Eleven witnesses
testified for the plaintiffs, and they make various state-
ments about how near to the shovel this fire originated,
about the amount of damage the fire did to the property
of the plaintiffs, and about the distance they had ob-
served burning coals or cinders thrown by this steam
shovel. Some of these witnesses gave these distances
by comparison to the distance to certain objects in and
near the courtroom, which, of course, is meaningless to
us, but others estimated these distances in feet, and, sum-
ming up and averaging the statements made by these
witnesses, it appears that at the conclusion of the plain-
tiffs' evidence they had established that this fire origi-
nated about 31 feet from the shovel; that it destroyed
property of the plaintiffs worth $575; and that this steam
shovel would throw burning coals and cinders 92 feet.

We cannot understand why the court directed a verdict for the defendants, but gather from the brief filed in their behalf that this peremptory instruction was given because the plaintiffs failed to show that the steam shovel was not equipped with an approved spark arrester, that it was not in good order, or that it was being negligently operated. There are some things in the brief that indicate that defendants were contending that sections 782 and 793, Kentucky Statutes, created the liability for communicating fire, and that these sections only applied to railroads. If that was the view taken by the court, and the peremptory instruction was given for that reason, it cannot be approved. Sections 782 and 793 did not create the liability for communicating fire. That liability already existed at common law. Indeed, one of our fundamental maxims is, "sic utere tuo ut alienum non lædas." Section 782 was passed for the benefit of the railroads, to provide a degree of care, the observance of which would relieve them from responsibility for the communication of fire, and applies to railroad companies only.

Of course, the defendants had a lawful right, in the grading of this highway, to use a steam shovel, if they saw fit to do so; but, when they did so, it was incumbent on them to use ordinary care to avoid throwing sparks therefrom and setting fire to adjoining property. Fire is a dangerous agency, and the ordinary man is quite careful in the use of it. Parties using machinery operated by steam must use fire to generate the steam; but in the use of such machinery they must use care commensurate with the danger to avoid communicating the fire to adjoining property. In determining the degree of care required in such cases, regard must be had for the character of the season, the weather, the prevailing winds, and the nature of the material near which they are working. Thus ordinary care in a plowed field during a downpour of rain would be negligence during a severe drought and in the neighborhood of dry fodder, stubble, grass, or other tinder. This care is measured by that degree of caution which a man of ordinary prudence would exercise under the circumstances. A very interesting case dealing with the communication of fire by a threshing engine is that of Martin et al. v. McCrary et al., reported in 115 Tenn. 316, 89 S. W. 324, 1 L. R. A. (N. S.) 530. Other cases of interest and instruction are

Gillingham v. Christen, 55 Ill. App. 17; McClelland v.
Scroggin, 48 Neb. 141, 66 N. W. 1123; Collins v. Grose-
close, 40 Ind. 414; Garrison v. Grayvill, 52 Mo. App. 580;
Teall v. Barton, 40 Barb. 137; Dennis v. Harris, 64 Hun,
637, 19 N. Y. S. 524; Holman v. Boston Land & Security
Co., 20 Colo. 7, 36 P. 797; Quint v. Dimond, 147 Cal. 707,
82 P. 310.

The burden was on the plaintiffs to establish by evi-
dence that this fire was set by a spark thrown from this
steam shovel. That does not mean that the plaintiffs
have not made out a case unless they produce a witness
who is able to testify that he saw the spark thrown from
the smokestack of the shovel, saw it come over, light
upon this stubble and ignite it. Such evidence would be
almost impossible to procure.

The evidence the plaintiffs did offer showed that
this fire started about 30 feet from this shovel. There
was evidence that this shovel had started other fires,
perhaps not on this very day, but a day or so before this.
Some witnesses testified that they had come over to
where the shovel was at work in order to see it operate,
and, while there, sparks were thrown from it that burned
their hats, their clothing, and some fell on their hands
and burned them, and when the plaintiffs had produced
that evidence, that was sufficient to take the case to the
jury, and the jury might have inferred from that that
this fire was started by sparks thrown from the smoke-
stack of this steam shovel. When the plaintiffs pro-
duced evidence from which it might reasonably be in-
ferred that this fire was lighted by sparks thrown from
the defendants' steam shovel, the burden then shifted to
the defendants to overcome such prima facie case, or to
establish that this fire was not caused by their negli-
gence. These things were matters of defense, and were
peculiarly within the knowledge of the defendants, and
they must either establish by evidence that they used
ordinary care or else respond in damages. See Lawton
v. Giles, 90 N. C. 374. See, also, Ledford v. Hubbard,
219 Ky. 9, 292 S. W. 345. In the case of C., N. O. & T. P.
R. v. Falconer, 30 Ky. Law Rep. 152, 97 S. W. 727, we
said:

"When it has been proven by the property
owner, by direct or circumstantial evidence, that the
fire was caused by sparks escaping from a railroad
locomotive, we think it is then incumbent on the rail-

road company to show to the satisfaction of the jury in any event that its locomotives were equipped as the statute requires. The means of proving such fact is entirely within the power of the railroad company to preserve and produce. If it fails to produce satisfactory evidence that the statutory requirement has been complied with as to the engine or engines causing the fire, then the verdict ought to go against it.''

In the case of I. C. R. Co. v. Barret, 23 Ky. Law Rep. 1755, 66 S. W. 9, where the railroad company admitted the fire was caused by sparks escaping from its engine, but pleaded that the engine was equipped as the law required, this court held the burden of proof was on the railroad company. It may be that the court directed this verdict for the defendants because this fire was not started upon the land of the plaintiffs, but upon the land of Mrs. Ferguson, and thence communicated to the plaintiffs' land, but that does not excuse the defendants.

''Where the communication of fire to the property of another is due to negligence in allowing it to start or escape, and the burning of such property carries the fire to the property of another and burning of the latter causes the burning of still other property and so on, the party first guilty of negligence is liable for all damage done, in the absence of some intervening cause which spreads the fire or the negligence of some third person in failing to stop its progress, and the remoteness of the property burned from the place where the fire had its origin has nothing to do with the liability of the negligent party.'' Hoyt v. Jeffers, 30 Mich. 181; Adams v. Young, 44 Ohio St. 80, 4 N. E. 599, 58 Am. Rep. 789.

The defendants cannot be excused in this case because of the presence of stubble, dry grass, and other inflammable material which fed this fire, or because of the prevailing wind which fanned the fire, and thus carried it to the property of the plaintiffs. They knew, or should have known, of the existence of this combustible material, and should have known of the wind and should have observed care proportionate to the danger. Whether negligence on the part of the defendants in first allowing the fire to escape is the proximate cause of all the resulting damage or not is a question of fact for the jury to determine. Adams v. Young, supra.        .

In Tyler v. Ricamore, 87 Va. 466, 12 S. E. 799, it was held that, where one negligently started a fire, he could not be excused from the results by the springing up of a high and unusual wind. The same is true of the case of Hays v. Miller, 70 N. Y. 112; Hewey v. Nourse, 54 Me. 256; Lillibridge v. McCann, 117 Mich. 84, 75 N. W. 288, 41 L. R. A. 381, 72 Am. St. Rep. 553. This last case is a very interesting case, and many authorities are cited.

The plaintiffs' motion for an appeal is meritorious. It is now sustained; the appeal is granted. The judgment is reversed.