George **THURMAN**, Appellant,

v.

Hugh W. **JOHNSON**, Respondent.

No. 23044.

Kansas City Court of Appeals.

Missouri.

Dec. 7, 1959.

A. E. Elliott, Nevada, for appellant.

Robert L. Ewing, Nevada, for respondent.

MAUGHMER, Commissioner.

Plaintiff-appellant George Thurman sued defendant Hugh W. Johnson for dam-

ages in the sum of $2,894, which plaintiff sustained on April 12, 1958, by reason of the destruction by fire of his barn and its contents, allegedly caused by the negligence and carelessness of defendant. A jury was waived and the case was tried by the court. The only evidence offered by plaintiff was his own testimony. At the close of his case the court sustained defendant's motion for judgment and entered judgment for defendant. Plaintiff has duly appealed.

Plaintiff, on April 12, 1958, was owner of a farm located in Vernon County, Missouri, upon which stood a barn, with oats and hay stored therein. During the early morning of this date, defendant appeared at the farm with his pick-up truck. He wanted to purchase 20 bushels of oats. Plaintiff, who lived over the line in Kansas, but who, on this occasion, was at his Missouri farm, testified: "I was doing my chores and I says: 'All right, we will just drive down to the barn here in Missouri and pick your oats up because I'm going down to work'". Plaintiff said that he opened the barn doors and in response to defendant's inquiry—"How do I get in?", told him: "George Brennan drove around the barn with his tractor and wagon and got oats the day before, and he came in from the west door so he could get out". Plaintiff stated that Johnson drove around the barn with his pick-up and was coming in, that defendant was pretty close to one wall and he said: "Hugh, you are pretty close to the wall". Defendant thereupon stopped. The hallway of the barn into which he was intending to drive to get closer to the oats " * * * sets crossways to the eaves and the water drips off at the edge and there was a little valley there, not very deep, where the water had gathered there a night or two before from the rain, and he stopped with his hind wheels right in this little rut". In this position with his rear wheels just outside and the rest of the truck inside of the barn, defendant was "stuck" and unable to move the truck. He raced the motor as plaintiff said "anyone would do", the wheels turned, but the vehicle failed to move either forward or backward. Mr. Thurman told defendant to wait and he would get some hay to put under the wheels. He was returning with the hay when defendant stepped out of the truck, saying: "This thing is afire". They fought the fire in the truck with sacks and coats but were unable to extinguish it. The fire increased in volume. Plaintiff got his truck and tried to pull the burning pick-up out backwards and broke a rope, also some wire stretchers, but failed to move it. The flames became hotter and hotter. The fire went out of control, burning the truck, the barn and its contents. It is conceded that plaintiff's barn and contents, which were thus destroyed, were of the reasonable value of $2,894, the amount of plaintiff's claimed damages. The record does not reveal the make or model of defendant's truck. However, plaintiff stated that defendant had owned it only two or three weeks.

■ In cases tried upon the facts without a jury, Section 510.310, subd. 4, directs that: "The appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses". The adjudicated cases all adhere to the rule that the appellate courts in such instances will not reverse the trial court unless the proof is palpably insufficient or there is a strong preponderance of the evidence the other way. McCoy v. McCoy, 360 Mo. 199, 227 S.W.2d 698, 703; Lynn v. Coates, Mo., 142 S.W.2d 1014. However, in this case there is no real factual controversy. Plaintiff's own testimony was the only evidence offered. It was not controverted. It seems fully worthy of belief and we accept it.

Plaintiff's first assignment is that—"The court should state the facts most favorable to plaintiff". As previously pointed out,

we accept plaintiff's testimony at its face value. We treat his account of what happened as the true version. Second, plaintiff says the judgment was for the wrong party.

Plaintiff's third point is that when it was shown that the barn and contents were destroyed by fire from defendant's truck a prima facie case was made and the burden shifted so that it was incumbent on defendant to establish that the fire was not caused by his negligence. In support of this point plaintiff has cited no Missouri, but two outstate cases, namely, Bryant v. Ellis, 222 Ky. 272, 300 S.W. 610, and Martin v. McCrary, 115 Tenn. 316, 89 S.W. 324, 1 L.R.A.,N.S., 530. In the first case plaintiff's wheat crop was burned by sparks emitted from defendant's steam engine which was pulling a threshing machine. The court ruled defendant was required to use the same degree of care as railroad companies in the use of their steam engines, and that upon proof the fire was caused by sparks from the engine, defendant had the burden of proving absence of negligence on his part. The second case announces a similar rule in respect to the operation of a steam shovel. We do not believe that a holding as to steam engines—known to emit sparks which frequently cause fires—would rule a case where the fire came from an automobile which normally neither gives off live sparks nor has a propensity for igniting fires in and around the engine. In any event, it would only require submission to the trier of the facts. Besides, these rulings from foreign jurisdictions are persuasive only.

Plaintiff by his third assignment in effect concedes that he offered no evidence of direct negligence on the part of defendant. We hold that no such evidence was offered. As we understand it, plaintiff seeks to invoke the res ipsa loquitur doctrine although, as he states it, the burden shifted to defendant to prove no negligence after proof came in that the fire started in defendant's truck.

The Supreme Court spoke on this subject in Cudney v. Midcontinent Airlines, 254 S.W.2d 662, 665, 666, Banc. "In Missouri, as elsewhere generally, the doctrine of res ipsa loquitur applies when '(a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant; (c) and the defendant possesses superior knowledge or means of information as to the cause of the occurrence.' * * * Res ipsa loquitur is a part of the law of evidence, it is 'merely a short way of saying that, so far as the court can see, the jury, from their experience as men of the world, may be warranted in thinking that an accident of this particular kind commonly does not happen except in consequence of negligence, and that therefore there is a presumption of fact, in the absence of explanation or other evidence which the jury believe, that it happened in consequence of negligence in this case".

In 65 C.J.S. Negligence § 220(3), p. 996, we are told that the prevailing view is that the rule of res ipsa prescribes a substitute for specific proof rather than raising a presumption which defendant must rebut. Missouri has long followed this view. In Belding v. St. Louis Public Service Co., 358 Mo. 491, 215 S.W.2d 506, 509, Banc, the Supreme Court held the rule was one of law for the court, which attaches a definite probative value to the facts attending the occurrence in the light of common experience and warrants the jury's finding of the ultimate fact of some kind of negligence from the fact of the unusual occurrence itself. This case also holds that the "burden of persuasion" rests upon plaintiff throughout. In Wells v. Asher, Mo.App., 286 S.W.2d 567, 570, such a situation was described as " * * * taking plaintiff's case to the jury and warranting, although not requiring, a finding of defendant's negligence * * *". See, also, Turner v. Missouri-Kansas-Texas R. Co., 346 Mo. 28, 142 S.W.2d 455, 129 A.L.R.

829; Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001 and Adam Hat Stores, Inc. v. Kansas City, Missouri, Mo.App., 307 S.W.2d 36.

■ It follows then that even if a res ipsa case is made, it does not actually shift the burden to defendant so as to require judgment for plaintiff, if unexplained, but rather justifies submission of the negligence question to the trier of the facts without proof of specific negligence. So, in our particular case, even if plaintiff does have a res ipsa case upon which he might go to the jury, still that point avails him nothing since the court, sitting as a jury, found against him.

■ We think plaintiff did not make a res ipsa case. The occurrence here was certainly one that does not ordinarily happen, but can it be said that if such an occurrence does happen, it is usually caused by lack of due care by the owner-operator? We think not. Was the instrumentality under the complete management and control of defendant and did defendant possess superior knowledge as to the cause of the occurrence? We have grave doubt on both points. Certainly under the evidence plaintiff was exercising some management and control at and just prior to the occurrence. He directed defendant to proceed to this particular barn, to drive around it and enter the west door of the driveway, which required crossing the very "eaves-drip rut" in which the truck stalled. Defendant had operated this truck only two or three weeks. There was no suggestion of a prior similar occurrence. Plaintiff, too, operated a motor truck and made an effort with it to pull defendant's truck from the building. In addition, plaintiff knew or should have known even more certainly than defendant about the rut in which the truck stalled, which was at least a contributing cause of the accident, and into which or across which plaintiff directed defendant to drive. Furthermore, we think the parties might be said to have been engaged at the time in a joint enterprise—plaintiff selling and defendant buying oats. The evidence is that defendant came to the farm, stated his mission, was directed by plaintiff to drive to this particular Missouri barn and to enter this particular driveway from the west side.

We incorporate four statements found in 38 Am.Jur. on Negligence. At page 939: "The authorities are generally agreed that if two persons are engaged jointly in a common enterprise requiring for its purpose that they use and occupy a conveyance of some sort—a wagon, boat, automobile, or other vehicle—in the management and control of which both have equal authority and rights, each assumes a responsibility for his colleague's conduct * * *". From page 645: "Thus, where an accident occurs, and no fault or negligence is chargeable to either of the parties to the occurrence, as where the accident was inevitable or is properly characterized as an act of God, the loss or injury will be allowed to remain where it has fallen". From page 665: "A man cannot be held responsible on the theory of negligence for an injury from an act or omission on his part unless it appears that he had knowledge or reasonably was chargeable with knowledge that the act or omission involved danger to another". And from page 670: "Negligence consists in a failure to provide against the ordinary occurrences of life, and the fact that the provision made is insufficient as against an event such as may happen once in a lifetime, or perhaps twice in a century, does not make out a case of negligence upon which an action in damages will lie. In other words, the duty to use due care arises from probabilities, rather than from bare possibilities, of danger".

It is our opinion that there was no evidence of direct negligence on the part of defendant. We think plaintiff's evidence fails to establish a res ipsa case for many reasons as indicated in this opinion. But even if he did make such a case, it would only entitle him to submit his case to a

jury without proof of specific negligence as is required in the usual and in a non-res ipsa case. Plaintiff waived a jury and the court, sitting as a jury, found against plaintiff. We think such finding and judgment is supported by the evidence and was proper. Certainly we do not find the result to be "clearly erroneous" as we must find to justify overturning it in a jury waived case (Sec. 510.310, supra).

The judgment is affirmed..

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGH-MER, C., is adopted as the opinion of the court.

All concur.