Sadie GREENBERG, Respondent,

v.

Bess BURNSTEIN, Appellant.

No. 23333.

Kansas City Court of Appeals.

Missouri.

June 5, 1961.

Koenigsdorf, Kaplan, Kraft & Stoup, by Chester B. Kaplan, Kansas City, for appellant.

Michael J. Bogutski, Kansas City, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, of counsel, for respondent.

MAUGHMER, Commissioner.

This is a suit for the recovery of money which plaintiff allegedly loaned to defend-

ant. A jury was waived and the Court rendered judgment for plaintiff in the amount of $5,000. Defendant has appealed.

█ As to the duty of an appellate court in reviewing a jury waived case, appellant cites Avellone v. John Weisert Tobacco Co., Mo.App., 213 S.W.2d 222, 229, and quotes therefrom as follows: "This being a jury waived case, it is our duty to review the case upon both the law and the evidence. We are not bound by any conclusion reached by the trial court either as to the facts or the law. However, in reaching our conclusion, due regard should be given to the opportunity of the trial court to judge of the credibility of the witnesses. Nor should the judgment of the trial court be set aside unless clearly erroneous". See, also, Section 510.310, V.A.M.S. and Supreme Court Rule 73.01(d), V.A.M.R. This quotation, with the cited statute and rule, correctly circumscribes the authority and field of review for an appellate court in a jury waived case.

The plaintiff, Mrs. Sadie Greenberg, is a resident of St. Louis, Missouri. Prior to November, 1957, her daughter had intermarried and was living in Kansas City, Missouri, with Gerald D. Burnstein, son of the defendant, Mrs. Bess Burnstein. On that date Gerald was operating a drug store in Claycomo, Missouri, under the trade name of Trailway Drug Store and in partnership with one Hal Zimmerman.

Under date of November 18, 1957, plaintiff issued her check in the sum of $1,000, payable to Gerald Burnstein, and on April 23, 1958, issued a second check for $1,500, payable to him. Both checks were cashed. Her purpose, as phrased in her own words, was: "He needed the money to cash checks". Mrs. Greenberg was again in Kansas City on September 2, 1958, visiting her daughter, her son-in-law and their children. On that date she wrote a check for $5,000, payable to defendant Bess Burnstein. This check was delivered to Mrs. Burnstein, who endorsed and cashed it. The canceled check was received in evidence. It carries the written notation "loan" on the lower left hand corner. Plaintiff says she wrote the word "loan" on the check prior to its delivery. Defendant says she does not recall that the notation was there when she received the check. Gerald Burnstein and his wife—plaintiff's daughter— separated in December, 1958, and were divorced in September, 1959.

On June 9, 1959, plaintiff sued both Bess Burnstein and Gerald D. Burnstein for $7,500, the aggregate amount of the three checks which we have just described. The court entered judgment against Gerald for $7,500, the amount of all three of the checks and he has not appealed. Judgment was against Bess Burnstein on the third check for $5,000, which was payable directly to her, and she has appealed. We are therefore concerned only with the third check and with the judgment thereon against Bess Burnstein.

The only witnesses who testified during the trial were the plaintiff, the defendant and Gerald D. Burnstein. All agree that the underlying purpose prompting issuance of the $5,000 check was the family wish that Gerald buy out the interest of his partner in the drug store. It was established that after defendant cashed plaintiff's check she in turn issued her own check for $5,000 to Gerald, who used it with some additional funds to purchase the other share in the business.

Gerald Burnstein recognized his obligation to Mrs. Greenberg under all three checks and after the separation and at her request, executed his promissory note in her favor therefor. Mrs. Greenberg said she asked Mrs. Burnstein for a "note" but Mrs. Burnstein told her "Her attorney told her not to give me a note". Plaintiff says Mrs. Burnstein "took over the drug store"; that she had a conversation with defendant and asked her "Why she didn't liquidate"; that defendant said: "You want your money out of it?" and plaintiff replied: "I sure do, I need it". She stated that a few

weeks later Mrs. Burnstein sold the business.

The defendant's testimony was that Mrs. Greenberg had offered to give Gerald the money to buy out his partner. She said: "The money was given to me, the $5,000, to hold to give to Jerry, it was not loaned to me, it was given to me to give to Jerry to terminate this partnership".

Counsel for defendant sought to elicit from her a conclusion that the $5,000 was paid to her "to make sure he would dissolve the partnership with Hal Zimmerman and that Hal would receive the $5,000." The Court sustained the objection and we think did so properly since this inquiry called for a conclusion rather than for a specific conversation. Defendant complains of the Court's action in refusing to receive Exhibits 5 and 6 into evidence. Exhibit 5 was the canceled check for $5,000, given by defendant to her son immediately after receipt of the $5,000 from Mrs. Greenberg. She had testified that she had transferred the money to her son and the fact was not disputed. It is difficult to see how defendant was prejudiced by the refusal to receive the check itself. Exhibit 6 was the partnership termination agreement entered into by Gerald Burnstein and Hal Zimmerman. There is no showing as to its materiality. Mrs. Burnstein's handling of the $5,000 was not consistent with a direction that she see to it that it be applied to "buy out" Zimmerman. She did not pay it directly to Zimmerman, but rather turned it over to her son immediately without any restrictions, either written or oral, insofar as the evidence here shows. Mrs. Burnstein offered no comment on the assertions that she had "taken over" the drug store and had sold it.

Mrs. Greenberg had already executed two checks for $1,000 and $1,500 to her son-in-law. This third check was not only payable to defendant, but carried the notation "loan". Gerald Burnstein makes no suggestion that either of these three checks was a gift, but rather, freely admits his obligation thereunder. The trial court found generally for plaintiff and against defendant. Apparently the Court, believed and found that the notation "loan" was on the check when it was delivered and that Mrs. Burnstein was at least one of the borrowers of the money. No findings of fact were made or requested. We think there was substantial, credible and admissible evidence supporting the finding and judgment.

Defendant on appeal quotes extensively from Holtzman v. Holtzman, Mo.App., 278 S.W.2d 1. In that case, which was an action for money lent and was tried *with a jury*, the trial court directed a verdict for plaintiff. It was held on appeal, and properly, we think, that the direction of a verdict for the party who has the burden of proof, was an invasion of the province of the jury.

Defendant on appeal argues at length that she received the $5,000 from Mrs. Greenberg as trustee and for the specific purpose of applying it to the purchase by and for her son of the Zimmerman interest in the drug store, and that the funds where so used. The evidence, we think, shows it was contemplated that the money be used ultimately for that purpose. However, the trial court found no proof of a trust, arising either from the facts or by operation of law and we concur in that conclusion. The relationships of the parties belie any trust—Mrs. Greenberg's money to Mrs. Burnstein for Mrs. Burnstein's son.

In our opinion the finding and judgment was for the right party. It is supported by the evidence and is not clearly erroneous.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.