Joseph MIZERANY and Matilda Mizerany, his wife, and Edward Mizerany and Elizabeth Mizerany, his wife, Plaintiffs-Appellants,

v.

Anthony GITTEMEIER and Wabash Drilling Company, a Corporation, Defendants-Respondents.

No. 32622.

St. Louis Court of Appeals.

Missouri.

Jan. 21, 1969.

Vincent J. Cavanaugh, Florissant, for plaintiffs-appellants.

Robert H. Burns, Carter, Fitzsimmons & Brinker, John G. Doyen, Clayton, for defendants-respondents.

SAMUEL E. SEMPLE, Special Judge.

This is an action for damages brought by plaintiffs, owners of property, against defendants, a general construction contractor and his subcontractor, for drilling through a sewer line on plaintiffs' property and stopping up the line with concrete. The case was tried before the court without a jury and resulted in a judgment for both defendants from which plaintiffs have perfected this appeal.

Plaintiffs were the owners of certain real estate known as 6279 Natural Bridge Road in Pine Lawn on which was a building in which plaintiffs conducted a business known as the Mizerany Appliance Store. Plaintiffs also owned a lot immediately west of the appliance store known as 6285 Natural Bridge Road. Plaintiffs through their agent, one Corey, employed defendant Gittemeier as a general contractor to construct a building on the lot at 6285 Natural Bridge Road to house the Alexander Discount Corporation.

It was determined by defendant Gittemeier that to obtain a proper foundation it would be necessary to drill holes and pour concrete piers all of which was in accordance with the contract. Gittemeier employed the defendant Wabash Drilling Company to perform the drilling operation. Defendant Gittemeier directed defendant Wabash's employee, one Ellyson, where to drill and Ellyson operating the drill rig drilled some 15 to 18 holes each approximately 18 inches in diameter and of varying depths. These holes were then filled with concrete by defendant Gittemeier. A day or so after these holes were filled with concrete, the sewer in the basement of the appliance store was stopped up. A plumber was called and after unsuccessfully trying to put a cable through the sewer he had to dig up the sewer and finally found a pier hole going through the sewer

and some 45 feet of the line was filled with concrete. Neither plaintiffs or defendants had any knowledge of the sewer being under the lot. There were no municipal or sewer district records which indicated either the existence or location of the sewer under the lot. The cost of digging up the sewer and relaying the portion clogged up amounted to $833.51, the amount for which plaintiff has brought suit. The trial court at the request of defendant Wabash Drilling Company made findings of fact and conclusions of law.

Plaintiffs first assign as error that the court erred in reaching the conclusion that the doctrine of res ipsa loquitur is not applicable in this case. Plaintiffs argue that the facts in this case bring it within the doctrine as each element of the doctrine as set out in McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 92 A.L.R. 641, was established.

In general the res ipsa loquitur doctrine does not apply except when (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant; (c) the defendant possesses superior knowledge or means of information as to the cause of the occurrence. McCloskey v. Koplar, supra. The crucial element of the res ipsa loquitur doctrine here is the happening of the occurrence, which in itself and without explanation speaks for itself of negligence. The occurrence which speaks of negligence is not the injury nor the act or omission of the defendant, nor is it the instrumentality. It is the unusual occurrence of the instrumentality in the causal chain of events which connects the injury to the act or omission of the defendant. Shafer v. Southwestern Bell Telephone Co., Mo., 295 S.W.2d 109. A submissible case cannot be made under the res ipsa loquitur doctrine without evidence that the instrumentality under the control of the defendant which caused the injury functioned improperly, acted in an unex-

pected way or manner or acted in an extraordinary manner which would not have occurred if there had not been negligence. It is this improper, unexpected or extraordinary happening which constitutes the "occurrence" referred to in McCloskey v. Koplar, supra, which speaks of negligence and provides the causal connection between the injury received and the act or omission of the defendant. Shafer v. Southwestern Bell Telephone Co., supra.

■ Plaintiffs contend in substance that the occurrence of the sewer having been pierced by the drill and filled with concrete certainly would not have happened if those in control had used due care. However, the mere fact, and nothing more, that an injury or damage was suffered is not sufficient to bring the res ipsa loquitur doctrine into action. Charlton v. Lovelace, 351 Mo. 364, 173 S.W.2d 13, 16; Tayer v. York Ice Machinery Corp., 342 Mo. 912, 119 S.W.2d 240, 117 A.L.R. 1414; Shafer v. Southwestern Bell Telephone Co., supra.

In this case the instrumentality which caused the injury and damage was the drilling equipment used in drilling the pier holes. There was no proof that the drilling equipment used in drilling the pier holes functioned improperly or acted in an unexpected way or manner or acted in an extraordinary manner which would not have occurred if there had not been negligence. There was therefore a failure of proof of one of the elements relied on by plaintiffs as the basis for invoking the doctrine of res ipsa loquitur and the court correctly came to the conclusion that the doctrine of res ipsa loquitur did not apply in this case.

■ The plaintiffs also assign as error the court's finding as a fact and conclusion of law that plaintiffs "pleaded and undertook to prove specific negligence, and that therefore, the res ipsa loquitur doctrine cannot be invoked." Plaintiffs contend that they pleaded general negligence and did not prove specific negligence at the trial. Although we have determined that this is not a res ipsa loquitur case it should be noted that here the plaintiffs specifically alleged in this petition that the defendant "' * * * Wabash Drilling Company, did, on or about July 26, 1963, cut and drill into an existing sewer on the premises, causing damage to plaintiffs' property * * *'". Furthermore plaintiffs offered proof that a pier hole was drilled through the sewer pipe and that all the pier holes were filled with concrete and that some 45 feet of the sewer pipe was filled with concrete causing the stoppage of the sewer. Here the plaintiffs have specifically pleaded and offered proof of the cause of their damage. It has been held that the res ipsa loquitur rule aids the injured party who does not know and therefore cannot plead or adduce proof showing the specific cause of or how the event which resulted in his injury occurred, but if he knows how it came to happen, and just what caused it, and either specifically pleads or proves the cause, there is neither room nor necessity for the application of the res ipsa loquitur rule. Berry v. Kansas City Public Service Co., 343 Mo. 474, 121 S.W.2d 825, 830; Williams v. St. Louis Public Service Co., 363 Mo. 625, 253 S.W.2d 97, 100. In this case the plaintiffs' petition and evidence clearly showed the specific cause of plaintiffs' damage and under this state of the record there was no occasion for the application of the res ipsa rule.

Plaintiffs next contend that the judgments for defendants were erroneous because they were based upon erroneous findings of fact and conclusions of law. Plaintiffs argue that there was no evidence to substantiate the court's finding that plaintiffs possessed superior knowledge or means of information or should have known of the existence and location of the sewer line. Plaintiffs also argue that the court erred in making a finding that plaintiffs were under a duty to inform defendants of the existence of the underground sewer on their property. Plaintiffs contend that there was no evidence or inference from

any evidence that plaintiffs knew of the existence of the underground sewer or had any means of checking any maps or official plats which would indicate the location of the sewer.

■ Where a trial has been conducted by the court without a jury the appellate court shall review the case on both the law and the evidence as in suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Civil Rule 73.01(d), V.A.M.R. The cases in construing this rule state that in a jury waived case it is the duty of the appellate court to review the case upon both the law and the evidence and the court is not bound by any conclusion reached by the trial court as to the facts or to the law. However, due regard should be given to the opportunity of the trial court to judge of the credibility of the witnesses. Nor should the judgment of the trial court be set aside unless clearly erroneous. Greenberg v. Burnstein, Mo. App., 347 S.W.2d 244, 245.

■ Here the trial court found that plaintiffs pleaded and undertook to prove specific negligence on the part of the defendants. The court apparently considered that the plaintiffs presented sufficient evidence of negligence to justify the submission of the issue of negligence of defendants to the trier of the facts and the court sitting as a jury found defendants were not negligent. The evidence produced in the case showed that neither defendant Gittemeier or the operator of the drill rig had any knowledge of the existence of the underground sewer. There was no evidence during the actual drilling operation of any warning or indication that the drill had broken or pierced the sewer line. There was evidence that the drilling operation was on filled ground and at times the drill would hit rock and the location would have to be moved. It does not appear that there is evidence of any direct negligence on the part of defendants in performing the drilling operation. However, even if plaintiffs made a submissible case of negligence against defendants the court sitting as a jury as the trier of the facts found plaintiffs were not negligent and found for defendants. It appears such findings and the judgments are supported by the evidence and are proper. Certainly we do not find the result to be clearly erroneous as we must to justify overturning it in a jury waived case. Civil Rule 73.01(d), V.A.M.R.

Plaintiffs' last assignment is that defendant Wabash Drilling Company in requesting the court to make findings of fact and conclusions of law conceded as a matter of law that plaintiff made a case to be decided as one of fact from which it follows that defendant admitted that there was evidence sufficient to establish every essential element of plaintiffs' case, citing Blocher v. Huebner, Mo.App., 172 S.W.2d 475.

■ It has been held that the res ipsa rule prescribes a substitute for specific proof rather than raising a presumption which defendant must rebut and the application of the rule is one of law for the court which attaches a definite probative value to the facts attending the occurrence in the light of common experience and warrants the jury's finding the ultimate fact of some kind of negligence from the fact of the unusual occurrence itself. The burden of persuasion rests on the plaintiff throughout. Even if a res ipsa case is made it does not actually shift the burden to defendant so as to require a judgment for plaintiff, if unexplained, but rather justifies submission of the negligence question to the trier of the facts without proof of specific negligence. Thurman v. Johnson, Mo.App., 330 S.W.2d 179, 181. Here the court sitting as a jury found against plaintiff. It appears such a finding is supported by the evidence and was proper. This result is not "clearly

108

erroneous" and this court would not be justified in overturning the judgments in this case.

The judgment is affirmed.

ANDERSON, P. J., and BRUCE NORMILE, Special Judge, concur.

RUDDY and WOLFE, JJ., not participating.