■ FEDERATION CHEMICALS, LTD., et al., Plaintiffs, v. CHEMICAL CONSTRUCTION CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. MOSHER STEEL COMPANY et al., Third-Party Defendants; HARTFORD STEAM

BOILER AND INSPECTION INSURANCE COMPANY, Third-Party Defendant-Appellant.— Order entered on April 22, 1968, denying third-party defendant Hartford Steam Boiler and Inspection Insurance Company's motion to dismiss the fifth and sixth causes of action of the third-party complaint, modified, on the law, to the extent of dismissing the fifth cause of action, and otherwise affirmed, without costs or disbursements to any party. At this stage of the proceedings it cannot be conclusively held that the sixth cause of action in the original complaint cannot be established by proof of passive negligence. A claim over against a third party, which charges that party with active negligence, should not be dismissed at the pleading stage if the original complaint can be reasonably interpreted to include an allegation of passive negligence on the part of the defendant. (*Sheridan* v. *City of New York*, 27 A. D. 2d 833; *Braun* v. *City of New York*, 17 A. D. 2d 264; *Humble Oil & Refining Co.* v. *Kellogg Co.*, 13 A. D. 2d 754.) In the last cited case this court held that it was " Sufficient that the complaint of the original plaintiff is broad enough to make possible a decision against the defendant despite the fact that it was the third-party defendant who alone was guilty of primary or active negligence". The fifth cause of action, however, is legally insufficient. That cause of action is grounded in fraud and deceit. Such a cause of action is completely different from a negligence action. As the court said in *Reno* v. *Bull* (226 N. Y. 546, 551) : " Negligence and fraud are not synonymous terms; nor in legal effect are they equivalent terms. Fraud presupposes a willful purpose resorted to with intent to deprive another of his legal rights. It is positive in that the purpose concurs with the act, designedly and knowingly committed. Negligence, whatever be its grade, does not include a purpose to do a wrongful act." Concur — Capozzoli, J. P., and McNally, J.; McGivern and Steuer, JJ., dissent in part in the following memoranda: McGivern, J. (dissenting in part). I find it difficult to reconcile the dismissal by the majority of the fifth cause of action with their reasoned retention of the sixth cause of action. The cases cited in support of the sixth cause of action apply with equal force to the fifth cause of action, to wit: (*Sheridan* v. *City of New York*, 27 A. D. 2d 833; *Braun* v. *City of New York*, 17 A. D. 2d 264; *Humble Oil & Refining Co.* v. *Kellogg Co.*, 13 A. D. 2d 754). These cases are part of a chain of cases wherein this appellate tribunal has consistently stressed our reluctance, in cases involving the " active "—" passive " dichotomy, to dismiss third-party complaints at the pleading stage, or on pleadings alone. Indeed, not only have we held that "we must judge a third-party complaint by somewhat different standards than we apply to a plaintiff's complaint", *Humble Oil* (*supra*), we have gone further. We have held third-party complaints are entitled to a more liberal reading than others, and that the mere possibility of a claim over sustains the sufficiency of the third-party pleading. (See, also, *Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.*, 11 A. D. 2d 220, 229, revd. on other grounds 9 N Y 2d 426; *Public Administrator of County of N. Y.* v. *Rubin Constr. Corp.*, 6 A. D. 2d 678.) In *Sheridan* we made it plain the main complaint is not controlling because of the ease of amendment on trial and the possibility of recovery on a theory not specifically pleaded in the complaint (see CPLR 3025, subd. [c] ; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1010.02.) In a subsequent case we averred: " The test is whether there is any possibility of liability over against a third party." (*Phoenix Assur. Co.* v. *Hunt Agency*, 19 A D 2d 882.) And, finally, the Court of Appeals, in affirming this tribunal in *Krause* v. *American Guar. & Liab. Ins. Co.*, (22 N Y 2d 147, 153) said: " Nor can it be denied that to permit impleader is in full accord with the spirit of an advanced practice code which seeks ' the avoidance of multiplicity and circuity of action, and

the determination of the primary liability as well as the ultimate liability in one proceeding, whenever convenient' (Eleventh Annual Report of N. Y. Judicial Council, 1945, p. 58; see, also, *B. M. C. Mfg. Corp.* v. *Tarshis*, 278 App. Div. 266)." As for *Reno* v. *Bull* (226 N. Y. 546), on which the majority dwells, that case recognizes that an innocent principal may be found liable for the fraudulent acts of his agent. In distinguishing the case of *Downey* v. *Finucane*, 205 N. Y. 251, the court said in *Reno* (p. 552): "There [in the *Downey* case], the defendants were held liable for the acts of one Fenn, not upon the ground that he was a co-director, but because defendants had made him their agent as the manager of a syndicate." Thus a jury may well find herein, that in allowing the fraudulent certificate of inspection to be passed along, respondent Chemical, although unaware of the wrongdoing, was liable as a principal for the conduct of its real or apparent agent. But the jury in so doing may shift blame from Chemical to the primary wrongdoers such as Hartford, Wyatt, et al. I must reject a construction of the interpleader statute which would deny a right to interpose a third-party complaint simply on the basis of the form in which a prime plaintiff has chosen to frame his cause of action, particularly where the scope and horizon of the entire complaint encompasses a possibility of a finding of liability on the part of the respondents solely on the basis of passive liability. To allow the strait jacketing of substantive rights by procedural limitations founded upon the design or caprice of a plaintiff, who may or may not have any interest in the rights and claims of a defendant-third-party plaintiff and a third-party defendant, inter se, does not serve the ends of justice. To permit such would give substance to conclusory allegations of a plaintiff yet to be proved. And as then Mr. Justice Breitel noted in *Bush*, whether negligence is passive or active is generally speaking a question of fact for the jury. Furthermore, as Mr. Justice Breitel also noted (p. 225): "The failure to discover the condition [causing the injury] apparently *no matter what degree of fault* may be involved in the failure, is deemed ' passive '." (Emphasis supplied.) This statement is fully supported by the numerous authorities including the Restatement, Restitution (§ 86) cited by Mr. Justice Breitel. Thus, I also find no basis for the dismissal of the sixth cause of action simply upon the conclusory plea of the prime plaintiffs that the respondents were culpably negligent in " allowing ", as alleged in paragraph 88 of their complaint, the wrong causing injury to occur. Under the present pleadings the action is instinct with passivity, and is susceptible of a finding that the prime defendant Chemical could be found to have been but a conduit for the false certification of Wyatt and Hartford, that its real fault was failure to discover (and that is passive negligence), as in the *Braun* and *Bush Term.* cases, and that the malefactor and ultimate cause of damages was Hartford. And with respect to the fifth cause of action it is clear we do not deal with a classical fraud. Under the circumstances, surely the better practice is to hold Hartford in during the pleading stages, and after pretrial examinations, Hartford may then move, if so advised, for release through summary judgment, in accordance with the suggestion articulated by then Justice Breitel, in the *Braun* case. Nor is Hartford prejudiced. Admittedly, it is held in anyway by the fourth cause of action. I would affirm Special Term *in toto*. Steuer, J. (dissenting in part). I concur in the views of the majority as regards the fifth cause of action, and I believe the same reasoning requires dismissal of the sixth cause of action. The last mentioned cause of action seeks recovery over in the event plaintiff succeeds on its sixth cause of action. This latter pleads " culpable, wilful and gross negligence " on the part of the defendants-third-party plaintiffs. There is no dispute but that should the plaintiff prove culpable,

willful or gross negligence, no recovery over is permissible. However, the majority, relying on a line of cases mostly decided in this court (*Public Administrator* v. *Rubin Constr. Corp.*, 6 A D 2d 678; *Braun* v. *City of New York*, 17 A D 2d 264; *Sheridan* v. *City of New York*, 27 A D 2d 833), has concluded that this cause of action in the third-party complaint is nevertheless valid. The gravamen of the cases cited is that while the plaintiff's complaint alleges facts which if proved would preclude recovery over by the defendant sued, there is no certainty that the plaintiff will establish exactly those facts and may actually recover on a factual situation resulting from so-called passive negligence on the part of the third-party plaintiff which would permit that defendant to recover over against the primary wrongdoer. It would follow that at the pleading stage this question cannot be finally determined and the cross-complaint should be allowed to stand. The situation here is not parallel. The plaintiff here does not seek recovery for ordinary negligence, that is, lack of care, either active or passive, and on its pleading it could not recover on proof of such negligence (*O'Malley* v. *Jegabbi*, 12 A D 2d 389). And it is obvious that plaintiff is not concerned with a recovery for negligence of that character. The first four causes of action are devoted to theories of recovery which, if established, will insure a recovery for the damage suffered and which, if they fail, will preclude any recovery for negligence. The object of the sixth cause of action is to provide an additional recovery in the form of punitive damages. So it is obvious that plaintiff will recover, on this cause of action, on the allegations of culpability or not at all. Allowing this cause of action in the cross-complaint to stand is not to follow accepted authority but to extend it beyond the cogent pragmatic reasons which base that authority. At best the ruling follows words not law in the best tradition of the black letter lawyer. The net effect, instead of facilitating procedure, as the rule properly applied does, will be to complicate it in a case which has more than enough inherent difficulties of presentation.