Barbara DANIELS, Plaintiff-Appellant,

v.

Robert J. SMITH, Administrator of the Estate of Carolyn Sue Thomas Dillinger, Deceased, Defendant-Respondent.

No. 9059.

Springfield Court of Appeals,
Missouri.

Aug. 18, 1971.

Motion for Rehearing or to Transfer to the Supreme Court Denied Sept. 8, 1971.

Application to Transfer Denied Nov. 8, 1971.

Thomas G. Strong, Lincoln J. Knauer, Jr., Farrington, Curtis & Strong, Springfield, for plaintiff-appellant.

Edwin C. Haseltine, Donald E. Bonacker, Springfield, for defendant-respondent.

TITUS, Presiding Judge.

When the concerned casualty occurred, plaintiff was a front seat passenger in a Dodge being operated by Donald Houston in a westerly direction on Seminole Street in Springfield, Missouri. Lee Payton, driving an Oldsmobile, and Carolyn Sue Dillinger, driving a Chevrolet, were traveling north on Glenstone Avenue when their automobiles successively collided with the Dodge at and north of the intersection of the two thoroughfares. Plaintiff initially sued the three drivers but, ere trial, settled with Payton for $10,000. The jury in the first trial exonerated Mrs. Dillinger and returned a verdict for plaintiff against Houston in the sum of $25,000, which prompted entry of a $15,000 net judgment. Thereafter, plaintiff settled with Houston for $4,000 and the trial court granted her a new trial against Mrs. Dillinger on the issue of liability only. We affirmed the new trial order. Daniels v. Dillinger, Mo.App., 445 S.W.2d 410. Following remand, Mrs. Dillinger died and the administrator of her estate, Robert J. Smith, became the defendant. The second trial resulted in a defendant's verdict and the azygous product of plaintiff's present appeal is the extraordinary asseveration that the trial court erred in refusing to lade defendant with the burden of proving that plaintiff's injuries were not caused by Mrs. Dillinger's negligence.

Because the issue here involved is limited, we need not give a full account of the accident circumstances. Those interested in more details may find them in Daniels v. Dillinger, supra. It suffices to say that while traveling at a reported speed of 85 miles per hour, the Oldsmobile first struck the Dodge in the intersection and propelled it northward. Some eight to ten seconds later the Chevrolet, driven by Mrs. Dillinger at an estimated speed of 65 miles per hour, collided with the Dodge approximately 75 to 80 feet north of the intersection. At some time in the course of the accident, so it is assumed, plaintiff was thrown from the Dodge and came to rest supine upon the pavement with her head against the east curb of Glenstone 60 to 70 feet, more or less, north of the intersection. In the first trial and appeal, plaintiff alternatively claimed that Mrs. Dillinger's negligence had caused her harm either (1) when the Chevrolet hit the Dodge while she was in the Dodge, or (2) when she was struck by the Chevrolet as she lay on the pavement after having been dispatched from the Dodge by the force of its collision with the Oldsmobile. The second alternative claim was abandoned at the last trial. Consequently, as the matter now stands if Mrs. Dillinger's negligence was a proximate cause of plaintiff's injuries, it would be because plaintiff was still in the Dodge at the time it was struck by the Chevrolet. Plaintiff has no recollection of the accident nor the events which transpired immediately before or after. Defendant produced an eyewitness who stated that she had seen a woman come out of the Dodge "from the front seat on the right-hand side" at the time of the first impact and that the woman was lying on the pavement before the Chevrolet collided with the Dodge, but no one identified the woman as being the plaintiff. Although it is reasonable to conclude that plaintiff was not in

the Dodge following the impacts, the witnesses could not state positively that plaintiff had been thrown from the Dodge at any time or, if so, at what particular moment that event transpired.

Plaintiff's specific complaint is that the trial court refused her proffered Instruction No. A, thereby requiring her to offer Instruction No. 2, which was given. Refused Instruction No. A reads:

"Your verdict must be for plaintiff if you believe:

"First, Carolyn Dillinger either: drove at an excessive speed; or knew, or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have slackened her speed and swerved, but she failed to do so; and

"Second, Carolyn Dillinger's conduct, in any one or more of the respects submitted in paragraph First, was negligent; and

"Third, such negligence directly caused or directly contributed to cause the collision between the Dillinger [Chevrolet] and Houston [Dodge] vehicles. * * *"

Instruction No. A concluded with a definition of negligence in the words of MAI 11.03. Instruction No. 2 was in the same form as Instruction No. A, except for paragraph Third which was in the words required by the second alternate of MAI 19.-01, i. e., "Third, such negligence directly caused or directly contributed to cause damage to plaintiff."

■ If MAI contains an applicable instruction, such an instruction must be given to the exclusion of any other on the same subject. Civil Rule 70.01(b), V.A.M.R. Paragraph Third of refused Instruction No. A represents a clear deviation from the third paragraphs prescribed in either MAI 17.02 or MAI 19.01. Undoubtedly one of the submissions in MAI 19.01

(preferably the second alternate) was applicable in this case (Joly v. Wippler, Mo., 449 S.W.2d 565, 569), and had the trial court given Instruction No. A, which it did not, it would have been presumed that the charge was prejudicially erroneous. Brittain v. Clark, Mo.App., 462 S.W.2d 153, 155(1), and cases there cited. Nevertheless, plaintiff argues the deviation from the applicable instructions was proper in this instance because she is "unable to prove causation" in the acceptable fashion due to the circumstances peculiar to this action. She further urges that "the principles of fault and compensation to the innocent injured party demand that the burden of proof as to causation, * * * be transferred to the negligent defendant" and that "to avoid manifest injustice" we should this once, at least, depart from the rule in "the normal case" which casts upon plaintiff the burden of proof as to all elements of the cause of action. Farnham v. Boone, Mo., 431 S.W.2d 154, 156(2); 31A C.J.S. Evidence § 104 b, at p. 176.

■ Plaintiff's "point" is difficult for us to grasp, principally because it consists of a trifurcated statement entangled in conclusionary abstractions which do little towards satisfying the requirements of Civil Rules 83.05(a) (3) and (e), V.A.M.R. The first branch is that Instruction No. A was proper because "(A) In analogous situations the courts have utilized a variety of procedural devices to relieve plaintiffs of related burdens and thus avoid manifest injustice." Inter alia, the "analogous situations" to which plaintiff alludes in her argument are res ipsa loquitur and rear end doctrine cases, and causes involving accidents where the defendant's car skids onto the wrong side of the road. She argues that in "instance after instance, the courts have shifted the burden of proof, or the burden of going forward with the evidence, to the defendant in order to avoid manifest injustice or inequity." Albeit the terms "burden of proof" and "burden of going forward with the evidence" are sometimes ambiguous, one is rarely, if

ever, used to synonymize the other (31A C.J.S. Evidence § 103, pp. 164–168, and § 110, pp. 184–188), and while the burden of going forward with the evidence may shift during the progress of a trial, absent a statutory provision to the contrary, the burden of proof never shifts but remains with the party having the affirmative of the issue until the termination of the case. Frank v. Wabash Railroad Company, Mo., 295 S.W. 2d 16, 22(12); State ex rel. State Dept. of Pub. Health & W. v. Ruble, Mo.App., 461 S.W.2d 909, 913(4). These principles are not altered by the "analogous situations" relied on by plaintiff. Proof that a skidding vehicle is on the wrong side of the road when the collision occurs merely creates an inference of negligence and shifts the burden of evidence or the burden of going forward with the evidence to the operator of the skidding vehicle, but does not relieve the one having the affirmative of the issue of negligence from the burden of proving fault. Friederich v. Chamberlain, Mo. (banc), 458 S.W.2d 360, 366. Likewise, proof of a collision under circumstances sufficient to make the rear end collision doctrine applicable, simply makes out a prima facie case of specific negligence (Hays v. Proctor, Mo.App., 404 S. W.2d 756, 760) which only shifts the burden of going forward with the evidence; the doctrine does not apply to shift the burden of proof as to negligence or as to causation. MAI 17.16. The doctrine of res ipsa loquitur is a part of the law of evidence [Stemme v. Siedhoff, Mo., 427 S.W.2d 461, 466; Warner v. Terminal R. Ass'n of St. Louis, 363 Mo. 1082, 1093, 257 S.W.2d 75, 80(8)] which "permits an inference of negligence to be drawn from the unusual occurrence itself and permits proof of negligence from circumstantial evidence when * * * the conditions for its application, are otherwise present." Cunningham v. Hayes, Mo.App., 463 S.W. 2d 555, 560(8). In a res ipsa loquitur case, the plaintiff has the burden of proof and, at the outset, the burden of going forward with the evidence as in any other negligence case. Markman v. Bi-State Transit System, Mo., 457 S.W.2d 769, 771(3). Even if a res ipsa case is made, it does not shift the burden of proof to the defendant to disprove negligence [Mizerany v. Gittemeier, Mo.App., 437 S.W.2d 103, 107(9); Thurman v. Johnson, Mo.App., 330 S.W.2d 179, 182(6)] or to disprove causation. Henneke v. Gasconade Power Co., 236 Mo.App. 100, 109(2), 152 S.W.2d 667, 671(2); MAI 31.02(1) and 31.02(2). Louisiana, as plaintiff says, apparently subscribes to a rule that where property of an innocent party is damaged as the result of a collision between two automobiles, the burden is upon each driver to exculpate himself from any negligence. Ashenfelter v. Gertrude Geddes Willis Life Ins. Co., La.App., 209 So.2d 299, 300–301(4). This is Louisiana's, and perhaps Mississippi's, peculiar application of the doctrine of ·res ipsa loquitur [Gauthreaux v. Hogan, La. App., 185 So.2d 44, 46(1)] which, as noted in Prosser's Handbook of the Law of Torts, 3d ed., at p. 234, "shifts to the defendant the ultimate burden of proof, requiring him to introduce evidence of greater weight than that of the plaintiff." Such, of course, is not the rule in Missouri where the plaintiff in a res ipsa case has the burden of proving each factual element necessary to a submissible case. Walsh v. Phillips, Mo., 399 S.W.2d 123, 126(4).

The second branch of plaintiff's point is that "(B) Where two or more independently acting persons are guilty of consecutive acts of negligence at points closely related in time, plaintiff is not required to prove which tort feasor harmed her, but each tort feasor is liable for the entire harm done plaintiff." The third and last phase of plaintiff's point welds together the two previous segments of the point into an argument designed to demonstrate that the "law as previously stated is applicable to the case at bar." As to branch (B), plaintiff relies first on 2 Restatement (Second) of Torts, § 433 B which states: "(1) Except as stated in Subsections (2) and (3), the burden of proof that the tortious conduct of the defendant has caused the harm

to the plaintiff is upon the plaintiff. * * * (3) Where the conduct of two or more actors is tortious, *and it is proved that harm has been caused to the plaintiff by only one of them,* but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm." (Our emphasis). In support of this pronouncement, plaintiff cites such authorities as Summers v. Tice, 33 Cal.2d 80, 199 P.2d 1; Copley v. Putter, 93 Cal.App.2d 453, 207 P.2d 876; Harris v. Cleveland, Tex.Civ. App., 294 S.W.2d 235; 2 Harper and James, The Law of Torts, § 20.2, at pp. 1115–1116, and Prosser's Handbook of the Law of Torts, 3d ed., at p. 247. It is not necessary that we discuss these authorities or attempt an exposition of the rule advanced, supra. The very basis of decision in the cited cases and authorities is wholly wanting here. Plaintiff has proceeded upon a declaration that all three drivers were negligent and that each of them individually contributed to her damages. She did not prove or undertake to prove that the harm which befell her had been caused by only one of the negligent drivers. In other words, the facts themselves in this case do not produce a situation which makes it impossible to pin responsibility on the actual wrongdoers. Rather, plaintiff asserts that each driver caused her some harm, but because of the dearth of favorable evidence she is unable to prove causation between Mrs. Dillinger's negligence and any part of the injuries she sustained.

In Daniels v. Dillinger, supra, 445 S.W. 2d at 413, we acknowledged the rule that when two or more independently acting persons are consecutively negligent in a closely related point of time and cause an indivisible injury, i. e., an injury which the fact trier finds cannot reasonably be apportioned among them, the tort feasors are jointly and severally liable for all damages directly and proximately resulting from such negligence. Glick v. Ballentine Produce Incorporated, Mo., 396 S.W.2d 609, 612–613(5, 6), appeal dismissed 385 U.S. 5, 87 S.Ct. 44, 17 L.Ed.2d 5; Brantley v. Couch, Mo.App., 383 S.W.2d 307, 310(1). The question raised by this rule is not one of the fact of causation, because the rule presupposes the negligence of each defendant has been a cause of some damage suffered by the plaintiff. Application of the rule is permissible only where no logical basis can be found for practical apportionment and there is no reasonable course except to hold defendant for the entire loss, although the negligence of others has contributed to it. Prosser's Handbook of the Law of Torts, 3d ed., § 42, pp. 247–257, and authorities there cited.

■ Plaintiff does not contend, as we understand, that the analogies employed conform unerringly to the facts at hand. Instead, she is saying (and sometimes erroneously) that if particular courts in the samplings taken have relieved plaintiff of certain burdens for hardship reason, then she should be accommodated in a similar fashion because of her admitted inability to prove causation. It would seem that plaintiff's urging was excited not only because she cannot prove causation, but also because she is unable, short of a contribution of $11,000 from the present defendant, to collect the total amount of what has been determined to be the extent of her damages. We have been cited no authority, and know of none, which would utilize these reasons, independent of additional considerations, to depart from the well established rule in this jurisdiction which places upon plaintiff the burden of proving that defendant's negligence was a proximate cause of her injuries. Lindsay v. Wille, Mo., 348 S.W.2d 1, 4(4); Osterhaus v. Gladstone Hotel Corporation, Mo., 344 S. W.2d 91, 94(4).

■ The mere fact that injury follows negligence does not of and in itself create liability, and the burden is on plaintiff to prove causal connection between the two. Steele v. Woods, Mo., 327 S.W.2d 187, 195(5). Rules as to burden of proof constitute a substantial right of the party on whose adversary the burden rests; such

rules are indispensable in the administration of justice and should, therefore, be jealously guarded and rigidly enforced by the courts. Highfill v. Brown, Mo., 320 S.W.2d 493, 497(8). Neither difficulty nor impossibility of proof of a material element in a case, though unfortunate, will alter the rules of evidence, and the one having the burden of proof who cannot bear it is simply left with an unenforceable claim. Henry H. Cross Co. v. Simmons, 8 Cir., 96 F.2d 482, 486(8); 31A C.J.S. Evidence § 104, at p. 175. But irrespective of this, we repeat that refused Instruction No. A was a patent departure from the instructions made applicable by MAI and was erroneous. Murphy v. Land, Mo., 420 S.W.2d 505, 507(4). It cannot be error for a trial court to deny a request for an instruction unless it is correct in all respects. Samuels v. Illinois Fire Insurance Company, Mo.App., 354 S.W.2d 352, 361(13); Wilson v. Murch, Mo.App., 354 S.W.2d 332, 338(13).

The judgment is affirmed.

STONE and HOGAN, JJ., concur.