**Carmalina LoBELLO et al., Plaintiffs, Hanover Insurance Company et al., Intervenors, Respondents,**

v.

**LACLEDE GAS CO., Defendant-Appellant.**

**No. 35261.**

Missouri Court of Appeals, St. Louis District, Division Three.

Dec. 17, 1974.

---

James E. Godfrey, Inc., Samuel T. Vandover, St. Louis, for defendant-appellant.

William B. England, St. Louis, for Hanover Ins. Co.

Robert M. Paskal, Clayton, for Protective Cas. Co.

GUNN, Judge.

Defendant-appellant Laclede Gas Co. appeals from a judgment in favor of respondents Hanover Insurance Co. and Protective Casualty Insurance Co. for reimbursement and subrogation of monies paid

by Hanover and Protective to Carmalina and Carmello LoBello, arising out of a gas explosion by which the LoBellos' house and personal property were damaged. Laclede assigns as grounds of error: 1) that respondent insurance companies were not the real parties in interest; 2) that it was error to permit the claims of respondent insurance companies to be submitted under the doctrine of res ipsa loquitur; 3) that it was error not to instruct the jury on the issue of contributory negligence on the claim of the LoBellos. We find the assignments of error without merit and affirm the judgment.

On October 9, 1970, extensive damage was sustained by the LoBellos' house and personal property in St. Louis as a result of a gas explosion. Respondent Hanover Insurance and respondent Protective Casualty Insurance each paid the LoBellos benefits for damages under the insurance coverage the LoBellos had with each company.[1] The LoBellos brought suit against Laclede in four counts seeking money damages for: property damage in excess of the insurance coverage; personal injury to Mrs. LoBello; Mr. LoBello's damages for loss of consortium; punitive damages. The first three counts were based on general negligence under the doctrine of res ipsa loquitur. Count IV, for punitive damages, was based on allegations of specific negligence that Laclede's gas pipes were old and worn leading to a gas leak and subsequent explosion. Respondent Hanover filed a motion to intervene in the LoBellos' case, which was granted without objection. Hanover's petition for damages accompanying its motion to intervene sought recovery for the insurance benefits paid to the LoBellos, and its petition—as were the first three counts of the LoBellos'

petition—was based on general negligence under res ipsa loquitur. By separate action Protective filed suit in magistrate court to recover payments it had made to the LoBellos under its policy of insurance. Laclede moved to consolidate the Protective action with the LoBello and Hanover cases, and the motion was granted.

Laclede's answer to the LoBellos' petition was a general denial but it also pleaded the affirmative defense of contributory negligence on the ground that the LoBellos had knowledge of the gas leak in their house and failed to report it and leave the premises. Laclede's answer to the Hanover petition was a general denial; no affirmative defense of contributory negligence was asserted against either Hanover or Protective. At the close of the evidence, Laclede moved to dismiss Count IV of the LoBello's petition, which was the count seeking punitive damages on the basis of specific acts of negligence of Laclede. The trial court granted the motion to dismiss Count IV, and the issue of specific negligence of Laclede was withdrawn from jury consideration, leaving only for the jury's consideration the issue of general negligence under res ipsa loquitur.

The jury returned a verdict in favor of the LoBellos on their Counts I, II, and III, Count IV having been withdrawn by the trial court. The jury also returned a verdict each in favor of Hanover and Protective on their subrogation claims for insurance payments made. Laclede appeals only from the judgments in favor of Hanover and Protective. The judgment in favor of the LoBellos was not appealed.

■ Laclede's first attack is directed at Hanover's and Protective's verdict directing instructions,[2] with Laclede assert-

---

1. Hanover paid $19,600 to the LoBellos; Protective paid $1,200.

2. INSTRUCTION NO. 5—Your verdict must be for intervening petitioner Hanover Insurance Company on its claim for damages if you believe:

First, the explosion was the direct result of defendant's negligence, and

Second, as a direct result of such negligence, said intervening petitioner Hanover Insurance Company sustained damage.

INSTRUCTION NO. 6—Your verdict must be for intervening petitioner Protective Cas-

ing that neither insurance company was a real party in interest. Judicial concern regarding the real party in interest issue is based on the policy against splitting a cause of action thereby leading to multiplicity of litigation against a defendant. State ex rel. Home Service Oil Co. v. Hess, 485 S.W.2d 616 (Mo.App. banc 1972). But that problem does not arise here, for Laclede is not confronted with a multiplicity of suits as the LoBellos and the insurance subrogees have been brought together in a single action and at the request of Laclede. Therefore, Hanover's and Protective's participation in the case for the recovery of the insurance payments each made to the LoBellos was not error and the real party in interest restriction which Laclede argues would permit action only by the LoBellos is not applicable. Holt v. Myers, 494 S.W.2d 430 (Mo.App. 1973).

Hayes v. Jenkins, 337 S.W.2d 259 (Mo. App.1960), relied on by Laclede is not apt, for the Jenkins case did not consider the issue of whether a subrogee insurance company could maintain an action for recovery of its interest.

■■■ Laclede complains that it was error to permit Hanover and Protective to submit their case on the theory of res ipsa loquitur, because the LoBellos had alleged specific negligence in Count IV of their petition. There is no support for this argument. The doctrine of res ipsa loquitur serves as an aid to the injured party who does not know and cannot plead or adduce proof showing the specific cause of the injury. But if the injured party knows the cause of injury and either specifically pleads or proves the cause, there is no need to apply the doctrine. Mizerany v. Gittemeier, 437 S.W.2d 103 (Mo.App.1969). But where the plaintiff's evidence does not clearly show the cause of the accident or where the cause is in doubt, the plaintiff may invoke the res ipsa doctrine. Collins v. Nelson, 410 S.W.2d 570 (Mo.App.1965). The only allegation of specific negligence made by the LoBellos was contained in Count IV of their petition for punitive damages which was thrown out by the court on Laclede's own motion. All that was left for consideration were the allegations and proof of general negligence under res ipsa loquitur which resulted in a favorable finding for the LoBellos and which was not appealed. The evidence of the case complied with the requirements essential for the application of the res ipsa doctrine. There was no proof of specific negligence by the LoBellos—only that the explosion was caused by a gas line leak. The right of Hanover and Protective as subrogees to recover payments made to the LoBellos flows through the LoBellos' right of recovery. Holt v. Myers, supra. Thus, Protective and Hanover have properly based their claims on the LoBellos' theory of general negligence, and Laclede has not appealed or challenged the LoBellos' theory of recovery. Therefore, on these facts, res ipsa loquitur instructions were proper. Zurich Insurance Co. v. Missouri Edison Co., 384 S.W.2d 623 (Mo.1964).

■■■ Finally, Laclede claims that it was entitled to a contributory negligence instruction against the LoBellos. Laclede has not appealed the judgment in favor of the LoBellos' and thus has abandoned any claim of error as to them. But the fact is that Laclede did not seek any contributory negligence instruction as to either Hanover or Protective. It should have done so if it sought jury consideration of the issue of contributory negligence as to the claims of the two insurance companies. Both Hanover and Protective based their right of recovery on the LoBellos' claim, and it was proper for them to do so. Holt v. Myers,

---

ualty Company on its claim for damages if you believe:

First, the explosion was the direct result of defendant's negligence, and

Second, as a direct result of such negligence, said intervening petitioner Protective Casualty Company sustained damage.

supra. From the record, Hanover[3] alleged Laclede's general negligence in causing the damage to property. Laclede's answer was only a general denial. Contributory negligence is an affirmative defense. Rule 55.-08, V.A.M.R.[4] And if Laclede wanted to assert contributory negligence as a defense to Hanover's and Protective's claims, it should have affirmatively done so. No affirmative defense of contributory negligence was asserted or submitted against either Hanover or Protective, and such defense was therefore abandoned. Roddy v. General Motors Corp., 380 S.W.2d 328 (Mo.1964).

The judgment is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.

3. The transcript does not contain Protective's petition in magistrate court—only the motion of Laclede to consolidate Protective's action with LoBellos' and Hanover's, which was granted.

4. At the time of trial of this case, Rule 55.10, requiring contributory negligence to be asserted affirmatively, was applicable.