**Robert John DIEHL, Petitioner–
Appellant,**

v.

**DIRECTOR OF REVENUE, State
of Missouri, Respondent–
Respondent.**

**No. 63706.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 25, 1994.

Timothy F. Devereux, Clayton, for petitioner-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent-respondent.

CRANDALL, Presiding Judge.

Petitioner, Robert John Diehl, appeals from the judgment of the trial court sustaining the order of the Director of Revenue (Director) suspending the driving privileges of petitioner for driving with a blood alcohol content of .13 percent or more. *See* § 302.-505, RSMo (1986).[1] We reverse and remand.

This is the second appeal in this case. The facts of the case are set forth in detail in *Diehl v. Director of Revenue*, 836 S.W.2d 94 (Mo.App.E.D.1992) (*Diehl I*) and will not be repeated in this opinion.

In a proceeding to determine whether a petitioner's driving privileges should be suspended under § 302.505 RSMo (1986), the Director has the burden of proving, by a preponderance of the evidence, (1) that the police officer had probable cause to arrest petitioner for driving while intoxicated and (2) that at the time of arrest, the petitioner's blood alcohol content exceeded that prohibited by statute. *Buckley v. Director of Revenue*, 864 S.W.2d 394, 395 (Mo.App.E.D.1993).

In *Diehl I*, we held that the arresting officer had probable cause to arrest petitioner for driving while intoxicated but that the results of the breath test were improperly admitted. Because the Director failed to make a submissible case, the cause was reversed and remanded with a direction to the trial court that:

> The Director should be given an opportunity to present additional evidence to establish compliance with the maintenance requirement. Judgment shall then be entered consistent with that evidence.

*Diehl v. Director of Revenue*, 836 S.W.2d at 97.

On remand, Director put on additional evidence relating to the maintenance requirement of the breathalyzer and rested his case. When petitioner attempted to testify on his own behalf, Director objected, arguing that

---

1. Section 302.505 was amended effective July 1, 1992, to lower the blood alcohol content from .13 percent to .10 percent. § 302.505 RSMo (Cum.Supp.1992).

because petitioner did not present evidence in *Diehl I*, he had waived his right to present evidence in the second proceeding; he also objected on the ground that permitting petitioner to present evidence would be beyond our directive in *Diehl I*. The trial court sustained Director's objections and refused to permit petitioner to present evidence.

On appeal, petitioner raises numerous points, the most fundamental of which is that the trial court erred in not permitting petitioner to testify in his own behalf.

It is a basic tenet of trial practice that petitioner's right to present evidence was not triggered until Director made a submissible case. *See, e.g., Daniels v. Smith*, 471 S.W.2d 508, 511 (1971). In *Diehl I*, this Court found that Director had not made a submissible case. On retrial, Director presented additional evidence in an attempt to correct that deficiency. Assuming without deciding that Director made a submissible case in the second trial, then and only then, was petitioner obligated to go forward with his evidence or be deemed to have waived that right. *Id.* at 511. The trial court therefore erred in sustaining Director's objection based on waiver.

Turning to our opinion in *Diehl I*, the directive of this Court was simply a gratuitous attempt to give guidance as to the missing evidence. The petitioner still had the right to challenge that evidence by, *inter alia*, his testimony. The trial court therefore erred in its narrow reading of *Diehl I*.

Petitioner's first point is granted in part. In view of our ruling, we decline to address other points raised by petitioner in this appeal.

The judgment of the trial court is reversed and the cause is remanded with directions to proceed in a manner consistent with this opinion.

REINHARD and CRIST, JJ., concur.